98 So.2d 333 (1957)
Andrew Branson SELF, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
November 20, 1957.
D.C. Laird, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Self, who was defendant below, seeks reversal of a judgment of guilt entered pursuant to a jury verdict finding him guilty of the offense of possession of distillation equipment for the manufacture of "moonshine."
The point to be determined is the legality of the search that produced the evidence which constituted the basis for the conviction.
Self was driving a truck on a public highway in Hillsborough County. About 9:45 p.m. he was apprehended by a State Highway Trooper for driving with a defective taillight. Appellant got out of his car and proceeded toward the Trooper's car. He was asked to produce his driver's license. He complied. The Highway Patrolman proceeded to serve him with an arrest notice for operating the truck with a defective taillight. The Patrolman then made a routine check of the motor vehicle license, brakes, horn and other equipment. While so doing, the beam of the Patrolman's flashlight through the panels of the truck revealed a large metal container with a copper interliner partially covered by a piece of canvas. The Patrolman asked the appellant if he knew what he was carrying. Self replied that he did not. The Patrolman then asked him if he would mind removing the canvas cover from the load in the truck. The appellant then stated that he had no objection to doing so and actually crawled up on the truck, removed the canvas and revealed the entire load of moonshine-making equipment. Thereupon the Highway Patrolman by radio called a State Beverage Department Agent who placed the charge of possession of the equipment against the appellant.
It is interesting to note that when tried on the charge of operating with a defective taillight and an improper license, the appellant pleaded guilty. Apparently he did not then question the legality of his arrest. At the trial on the charge of possession of illegal distillation equipment, appellant questioned the legality of the search that produced the incriminating evidence. He also moved to suppress the evidence. The trial Judge held the evidence admissible and the jury found appellant guilty. By the judgment of guilt appellant was sentenced to three years in the State Prison. Reversal of this judgment is now sought.
Appellant contends that the search was illegal because in his view he was placed *334 under arrest for "a minor traffic violation" and the evidence of guilt of the other offense could not have been legally obtained under these circumstances.
The State contends the arrest for the traffic violation was lawful and further that the appellant without objection consented to the search.
It is true that we have held that a nebulous or "trumped up" charge of violating traffic laws cannot be employed as the basis for an arrest that will support a subsequent search of a vehicle without a warrant. Collins v. State, Fla. 1953, 65 So.2d 61. Nevertheless, we do not find such a situation presented by the case at bar. In the instant case there was a substantial violation of the traffic laws. The Highway Patrolman in the execution of his duties properly apprehended the appellant for the traffic violation without a warrant. His inspection of the vehicle as an incident to the arrest was perfectly reasonable and proper under the circumstances. Even without the element of consent on the part of the appellant, it is our view that the search of the vehicle as an incident to the lawful arrest was legal.
The position of the State, however, is buttressed by the fact that the appellant actually cooperated in revealing the illicit distillation equipment. Under the circumstances here present there can be no doubt that the offense of possession of illegal distillation equipment was committed in the presence of the arresting officer.
Rather than being controlled by Kersey v. State, Fla. 1952, 58 So.2d 155, and Byrd v. State, Fla. 1955, 80 So.2d 694, we think the instant case is controlled by Longo v. State, 157 Fla. 668, 26 So.2d 818; James v. State, Fla. 1955, 80 So.2d 699; Gaskins v. State, Fla. 1956, 89 So.2d 867; and Brown v. State, Fla. 1956, 91 So.2d 175, and similar cases.
Finding as we do that the initial arrest without a warrant was legal and that the subsequent search as an incident to the arrest was also legal, we are led to the conclusion that the trial Judge committed no error in permitting into evidence the product of the lawful search.
The judgment is affirmed.
TERRELL, C.J., and THOMAS and O'CONNELL, JJ., concur.
HOBSON, J., agrees to the conclusion.