155 So.2d 826 (1963)
Mathew SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 3604.
District Court of Appeal of Florida. Second District.
July 31, 1963.
Rehearing Denied September 3, 1963.
Sam E. Murrell & Sons, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., James G. Mahorner, Asst. Atty. Gen., Tallahassee, for appellee.
MOODY, JAMES S., Associate Judge.
Appellant Smith, defendant below, was convicted in the Criminal Court of Record of Orange County on two counts of lottery law violations. The first count charges possession of records evidencing a share and right in a lottery ticket and a lottery scheme and the second count charges defendant with unlawfully being interested in and connected with a lottery for money.
*827 Appellant in seeking reversal raised several points, but the only question we deem necessary to here consider is the legality of the search of the person of the defendant which produced the evidence on which the trial and conviction were predicated. We find the search legal and affirm.
The uncontradicted evidence discloses that two plain-clothes police officers of the City of Orlando on the evening of June 24, 1961, were riding in an unmarked police car near defendant's store when they observed defendant get into his car and drive off. The officers had information that defendant's driver's license had been recently revoked so they proceeded to stop defendant and check his driver's license. This was the sole reason for stopping defendant. Defendant advised the officers he had a driver's license, but it was at his store. The officers informed defendant they would have to arrest him for operating a vehicle without a driver's license. They made no attempt to search him at that time and planned not to take defendant into custody but, rather, to give him a traffic ticket and release him on his own recognizance.
The officers were not on traffic detail and did not have a traffic book with them at that time. They called on their radio for a police car and shortly two uniformed policemen arrived. The uniformed police officers were advised to write out a traffic ticket and one of the original officers would sign it as the arresting officer.
Defendant at that point advised the officers that this was his fourth traffic offense and produced a recent receipt from the traffic bureau. The officers then determined that pursuant to a directive of the municipal judge of Orlando to all officers concerning a fourth traffic violation, defendant should be "placed on the police docket," that is, taken to the police station to be formally charged and then placed in jail or released on bond. In furtherance thereof the uniformed officers "patted him down" for concealed weapons. Without his consent the contents of defendant's pockets were then emptied on the hood of the car. Such contents included certain money and cash receipt tapes. These items together with the aforementioned traffic fine receipt which contained certain numbers thereon formed the basis of the lottery charge. The defendant in his brief states he was acquitted of the traffic charge by the municipal court. This statement is not verified by the record, but in our view this would be immaterial in the instant case.
The question of the illegality of the search of the person was raised before the trial court on motion to suppress the evidence. The trial judge being the trier of the law and fact, his denial of the motion comes to this court clothed with a presumption of correctness. Thus the evidence should be construed in the light most favorable to sustain this conclusion. Cameron v. State, Fla.App., 112 So.2d 864.
Section 322.15, Florida Statutes, F.S.A., provides:
"Every licensee shall have his operator's or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a patrol officer, justice of the peace, a peace officer, or a field deputy or inspector of the department. However, no person charged with violating this section shall be convicted if he produces in court an operator's or chauffeur's license theretofore issued to him and valid at the time of his arrest."
Section 322.34 makes it a misdemeanor for a person to drive a vehicle when his license is revoked.
It is obvious from the uncontradicted testimony of the police officers as detailed above that this was not a "flimsy or trumped up" traffic charge used only as an excuse to illegally arrest defendant in an attempt to procure evidence of a crime. Thus such cases as Collins v. State, Fla., 65 So.2d 61, Burley v. State, Fla., 59 So.2d 744, and Byrd v. State, Fla., 80 So.2d 694, are not *828 applicable. An arrest under such circumstances will not warrant a search of the person, but a reasonable search and seizure may be made as an incident to a lawful arrest for a traffic violation. §§ 901.15, 901.21, Florida Statutes, F.S.A.; Self v. State, Fla., 98 So.2d 333.
In the instant case there was substantial reason to believe there was a violation of the traffic laws. The officers were properly executing their duties in stopping the defendant. Cameron v. State, supra. Any possible question that the officers were using this as a pretext is set at rest by the fact that the officers were originally only going to give the defendant a traffic ticket and released. It was only after learning of the previous traffic violations that the uniformed policemen searched the defendant incident to taking him into custody pursuant to the directive of the municipal judge. The officers, as shown by this record, did not illegally arrest the defendant and the search incident thereto was proper. The arrest being justified under the circumstances of this record, the subsequent acquittal, if this be true, would be of no consequence. Section 322.15, Florida Statutes, F.S.A., Brown v. State, Fla., 91 So.2d 175.
The judgment of conviction is affirmed.
Affirmed.
ALLEN, Acting C.J., concurs.
WHITE, J., concurs specially.
WHITE, Judge (concurring specially).
I concur with the opinion of Judge MOODY in the particular circumstances of this case, but I would emphasize that the law does not give police officers unqualified authority to conduct a search after stopping a driver on a routine license check. See and compare Cameron v. State, Fla.App. 1959, 112 So.2d 864, 870; Slater v. State, Fla. 1956, 90 So.2d 453; Sagonias v. State, Fla. 1956, 89 So.2d 252; Courington v. State, Fla. 1954, 74 So.2d 652; Florida Statute § 933.19, F.S.A. Law enforcement, be it ever so zealous, must continue to recognize fundamental rights the protection of which should not be undermined by subterfuge. Cf. United States v. Bumbola, D.C. 1928, 23 F.2d 696; Cox v. State, 1944, 181 Tenn. 344, 181 S.W.2d 338, 154 A.L.R. 809; 154 A.L.R. 812 (annotation).
Mr. Justice Brennan recently stated the following in Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 413, 9 L.Ed.2d 441, 450:
"* * * The history of the use, and not infrequent abuse, of the power to arrest cautions that a relaxation of the fundamental requirements of probable cause would `leave law-abiding citizens at the mercy of officers' whim or caprice.' Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 [1890]."
See also City of Miami v. Aronovitz, Fla. 1959, 114 So.2d 784, 788-789 in which Justice Thornal without passing on the point stated:
"* * * We must warn that because of this statute [§ 933.19 F.S.A.] the power to intercept an automobile and check a driver's license does not a priori convey the power to search the vehicle. If the law on this subject is to be changed, the transformation must have its inception in the legislative branch of the government.
* * * * * *
"Other states in similar fashion have impliedly recognized the propriety of stopping vehicles for drivers' license inspection. Similarly, also, many of these courts have condemned the idea of employing drivers' inspections merely as a surrepticious [sic] subterfuge for embarrassing a motorist and making a detailed search of his automobile without cause to believe that the law is being violated, or in the absence of of a violation in the presence of the officer."
ALLEN, Acting C.J., concurs.