158 So.2d 578 (1963)
Fred Clifton CHAPMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-39.
District Court of Appeal of Florida. Third District.
December 20, 1963.
Rehearing Denied January 7, 1964.
Walter E. Gwinn, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
An information was filed against the appellant, Fred Clifton Chapman, charging him, in five counts, with various violations of the lottery laws. He was duly arraigned, entered a plea of not guilty, and a jury trial was had in the criminal court of record of Dade County. Prior to the trial, the defendant filed a motion to suppress certain evidence and for the return of certain gambling paraphernalia secured as a result of an allegedly unreasonable search and seizure. On hearing, these motions were denied. At the trial, the evidence was admitted over the defendant's objections. The jury returned a verdict on all five counts of the information. The defendant was thereupon adjudicated guilty and sentenced to five years in the State Penitentiary. A motion for new trial was denied.
It is disclosed by the testimony that several months before the arrest of the appellant, the Dade County Department of Public Safety and the Florida State Attorney *579 General's office began an investigation into the suspected bolita operations of the appellant. During the course of this investigation, information was gathered from various law enforcement agencies, reliable informants and actual surveillance, to the effect that the appellant had a Federal Gambling Stamp, and was in fact conducting a large scale bolita business. The operation was said to have been carried on from five rented dwellings, at different locations, so as to keep "fluid" and free from police detection. On one occasion police officers located the appellant in one of the houses from which they believed he was conducting bolita. A warrant was procured in that instance but the appellant was gone when they returned with the warrant.
One or two days prior to the appellant's arrest, police again were informed that the appellant would be conducting bolita operations at 15825 S.W. 90 Avenue, Dade County, Florida on Monday, April 25, 1962. With this information, and that obtained over the previous several months, some officers proceeded to the address designated and others went to the other four houses from which appellant was thought to be carrying on bolita operations. Upon arrival at the house at 15825 S.W. 90 Avenue, the officers observed the defendant in the house, but had no knowledge of whether he was alone or what would be found in the house. They knocked at the front door. Movements were heard inside the house but there was no answer. Two of the officers then went to the rear door while one of the officers remained at the front door. The State's evidence shows that the two officers at the rear door again knocked and announced their presence and their purpose, and there again was no answer. (The appellant denies that the officers knocked or announced their purpose.) The officers then removed a jalousie from the rear door and made entry without a warrant of arrest or a search warrant. They noticed counting machines, bolita tickets, and other assorted bolita paraphernalia, as they went through the house searching for the appellant. He was found hiding behind a curtain in a bedroom, and was arrested, and all evidence relating to gambling discovered in the house was seized.
The testimony of the officer in charge of the operation showed that they could have arrested the defendant almost any time but had waited for seven months so that they could find evidence of a lottery, in one of his houses, which they could seize. The officer, when asked if he would have arrested Chapman if he had failed to find any evidence of a lottery in the house, replied, "I honestly can't say."
One of the appellant's contentions is that the evidence obtained as a result of the search and seizure was inadmissible for the reason that the police officers, without a search warrant or a warrant of arrest, broke and entered his premises for the purpose of searching for evidence and that such search was not incidental to the arrest.
We find merit in the appellant's contention and reverse.
An incidental search should be, as the term implies, incidental to the arrest. The primary purpose should be to arrest and the search should be purely incidental to it. An exploratory search is one in which the search is primary and the arrest is used as a pretext to justify the search.
In the case of Henderson v. United States, 12 F.2d 528, 51 A.L.R. 420 (4th Cir.1926), the court stated:
"It is admitted that the government officers had no warrant either for the arrest of the defendant or for the search of his premises. There is no showing or contention that it was necessary to arrest defendant without a warrant to prevent his escape, and a careful consideration of the evidence leads irresistibly to the conclusion that the search of his dwelling was made, not as an incident of the arrest, but as the chief object which the officers had in view in entering upon his premises. *580 Instead of the search being incidental to the arrest, therefore, the arrest was incidental to if not a mere pretext for the search. The question is whether a search made under such circumstances violates the constitutional rights of the defendant. We think that it does.
* * *
"* * * And when it appears, as it does here, that the search and not the arrest was the real object of the officers in entering upon the premises, and that the arrest was a pretext for or at the most an incident of the search, ought such search be upheld as a reasonable one within the meaning of the Constitution? Manifestly not."
See also Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514; McKnight v. United States, 87 U.S.App.D.C. 151, 183 F.2d 977 (1950); Worthington v. United States, 166 F.2d 557 (6th Cir.1948); United States v. Chodak, 68 F. Supp. 455 (D.C.Md. 1946); United States v. McCunn, 40 F.2d 295 (S.D.N.Y. 1930).
We will not burden this opinion with additional citations on this point as the law appears to be clear. It is only necessary for us to find that the testimony of the police officers who made the arrest and conducted the search showed that their primary purpose was to discover evidence to be used against the defendant. Our review of the testimony leads to the conclusion that their search of the defendant's premises, without a warrant, was not as an incident of the arrest, but was their chief object.
We, therefore, hold that reversible error was committed when the trial judge denied the appellant's motion to suppress the evidence.
In view of the holding, we consider it unnecessary to discuss the other points raised by appellant.
Judgment is reversed and the cause is remanded for a new trial.