PER CURIAM.
The appellant, defendant below, seeks review of a judgment entered pursuant to jury verdicts finding him guilty on two counts of breaking and entering with intent to commit petit larceny and petit larceny, for which he was sentenced to two concurrent five year prison terms.
The appellant was a guest in an automobile which was stopped by City of Miami Police Officers for driving at night without lights. While a traffic citation was being issued to the driver, one of the officers noticed a typewriter and adding machine on the back seat of the car and questioned the men about the ownership of these items. The answers aroused the officers’ suspicions and after conducting a further investigation the officers determined that the information given was improper, incorrect and misleading. The driver and appellant were then placed under arrest for violation of Miami City Code Section 43-30, which provides:
“It shall be unlawful for any person knowingly to obstruct or oppose any police officer of the city or other legally authorized person in the execution of legal process or in the lawful execution of any legal duty, or to knowingly furnish, give, or make any false, misleading or unfounded report to a police officer which interferes with or hinders the proper operation of a police officer’s duty or his investigation. (Code 1945, ch. 35, § 19; Ord. 5112, § 1, 9-1-54.)”
Following the arrest, the police impounded the automobile, searched it and seized the typewriter, adding machine and an assortment of dentist’s tools as evidence. Appellant’s motion to suppress this evidence was denied.
The driver of the car admitted the commission of the crime and testified for the State in the trial of the appellant. The jury found the evidence sufficient to convict the appellant.
The appellant argues that the law in Florida, as enunciated in Mixon v. State, Fla.1951, 54 So.2d 190, which holds that the defendant must have some proprietary interest in the premises searched in order *869 to have standing” to object to the search, has been changed by the United States Supreme Court in two landmark decisions, Ker v. State of California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 and Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.
Assuming, arguendo, that appellant has “standing” to object to the search, there is no reason for us to decide if the Jones and Ker cases, supra, should be followed in the instant matter, inasmuch as the search of the automobile herein was incidental to a lawful arrest; therefore, any search and seizure which followed was valid and proper, Section 901.21, Florida Statutes, F.S.A.; Pegueno v. State, Fla. 1956, 85 So.2d 600; Herring v. State, Fla.App.1960, 121 So.2d 807; and the evidence resulting from the search was admissible in the present case.
For the reasons stated herein, the order of the trial court is
Affirmed.