PER CURIAM.
The appellant, Rudolph Gibson, appeals from his conviction in the Criminal Court of Record in Dade County, Florida, of the charge of robbery. Two Miami police officers noticed an automobile carrying three Negro males traveling slowly through a White residential area at 11:00 o’clock at night. The automobile had no taillights or tag light. The officers, who were in an unmarked car, stopped the automobile, and while one officer was in the process of writing a summons for having no taillights or tag light, the other officer noticed a nylon stocking on the front seat of the automobile. The officers were aware that an automobile fitting the description of that in which the appellant was riding was wanted in connection with an earlier robbery. Following a conversation with their lieutenant, whom they had requested come to the scene, the station was radioed for further information regarding that robbery. A description was given which fit the appellant and his companions. They were then arrested for armed robbery. A search of the car produced a snub-nosed .38 revolver and a billfold belonging to a victim of one of the robberies. Appellant, a passenger in the automobile, moved to suppress the evidence obtained, and his motion was denied.
The sole question on appeal is whether the trial court erred in denying the motion to suppress the evidence obtained from the search.
The decision of the trial judge was correct under the authority of the Supreme Court decision in Self v. State, Fla.1957, 98 So.2d 333. There the defendant was arrested for operating a truck on a public highway at night with a defective taillight. After the arrest, the defendant contended that he had been arrested for “a minor traffic violation” and that the evidence obtained by a search after such an arrest was improper. Justice Thornal stated for the court:
******
“It is true that we have held that a nebulous or ‘trumped up’ charge of violating traffic laws cannot be employed as the basis for an arrest that will support a subsequent search of a vehicle without a warrant. Collins v. State, Fla.1953, 65 So.2d 61. Nevertheless, we do not find such a situation presented by the case at bar. In the instant case there was a substantial violation of the traffic laws. The Highway Patrolman in the execution of his. duties properly apprehended the appellant for the traffic violation without a. warrant. His inspection of the vehicle as an incident to the arrest was perfectly reasonable and proper under the circumstances. Even without the element of consent on the part of the appellant, it is our view that the search of the vehicle as an incident to the lawful arrest was legal.” (Emphasis supplied.)
******
*687 The State has contended that the appellant, as a passenger in the automobile, did not have a sufficient ownership or posses-sory interest in the automobile which was searched to object to the introduction of the evidence. See Gispert v. State, Fla.App.1960, 118 So.2d 596.
We conclude that the trial judge was not in error in denying the motion to suppress the evidence as the initial arrest was legal and the subsequent search was incidental to a valid arrest. Therefore, there is no need to decide if the appellant had a sufficient legal interest to object to the introduction of the evidence.
The judgment is therefore
Affirmed.