PEARSON, Judge.
The appellant was found guilty of violating § 811.16, Fla.Stat, F.S.A., which is as follows:
“Buying, receiving, concealing stolen property. — -Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be. punished by imprisonment in the state prison not fcx-ceeding five years, or by fine not exceeding five hundred dollars.”
On his appeal to this court, he presents three points for reversal'. First, defendant’s statements to the police were inadmissible into evidence because the State failed to establish the corpus delicti as a predicate to the admission of the statements. Second, the evidence was insufficient to support the adjudication of guilty. Third, the court erred in admitting evidence which had been seized at the time of defendant’s arrest.
The evidence, without the aid of appellant’s statements, was that the officer stopped the appellant for a traffic violation. The appellant alighted from the car and walked back to the patrol car. The officer asked appellant for his driver’s license and the appellant stated he did not have one. The police officer arrested the appellant and placed him in the patrol car. The officer then called a wrecker to remove appellant’s car from the street. Three women stepped out of appellant’s car and left the scene. While waiting for the wrecker to arrive, the officer walked back to appellant’s car for the purpose of making an inventory because the car was to be impounded. In plain sight on the floor board of the car was a hair dryer, a canned ham and two stuffed pillow cases. Two evening dresses and an assortment of clothing of various kinds were, found stuffed into the pillow cases.' The officer questioned the appellant as to whether,he had a sales slip for any of the property and appellant stated that he did not. After appellant was taken to the Sheriff’s Department 'the statements to which admissibility is challenged were made.
At the trial and prior to the introduction of the appellant’s statement, the police officer testified to the facts set out above. In addition, the State presented the testimony of an employee of W. T. Grant Company who identified the two dresses -as having come from his store. He stated that the dresses were the property o'f W. T. Grant Company. This conclusion was based upon the fact that the complete sales tag was on the garment. The custom in the store was to remove one-half of the sales tag when a sale was made. He had no personal knowledge as to how the dresses were removed from the store.
The State also presented the evidence of an employee of an Eagle Army-Navy Store owned by Dade Wholesale Products. . This witness testified that an assortment of clothing, taken from the pillow case, came from his store, but he could not testify as to how. the articles had been removed.
The foregoing was the extent of the testimony before the court at the time that appellant’s statements to the police were admitted into evidence. Appellant stated that he had picked up the girls, who had left the car, in Coconut Grove and had been requested to take them to several places in South Dade County. He stated that he took them to the places requested, and that they came out of each store laden with merchandise, some of which was stuffed under their dresses and in their handbags. He and the girls removed the merchandise from their handbags and clothing and stuffed it into the pillow cases. Appellant stated that he did not know that the merchandise was' *80 stolen, but that he thought it probably was stolen.
For a reversal under the first point, which is addressed to the admission of appellant’s statement, appellant contends that the statement was inadmissible because the evidence at the time of its introduction did not establish a prima facie case for the corpus delicti. In this connection, it should be noted that there was no evidence that appellant bought or received stolen goods. The question is whether a prima facie case of aiding in the concealment of stolen property was established. See Fewox v. State, Fla.App.1958, 104 So.2d 74.
Appellant relies upon the holding in Hodges v. State, Fla.1965, 176 So.2d 91, for reversal upon his first point. In the Hodges case, the Supreme Court held that it was obvious “that the fact that the crime of larceny had occurred could not be established * * * without the aid of the admission.” In so holding, the Supreme Court reaffirmed the decision in Cross v. State, 96 Fla. 768, 119 So. 380, in the following language:
“The decision * * * seems to us now as sound as when it was written 37 years ago. It re-announced the rule appearing in Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373, that while the corpus delicti cannot be established by a confession alone, confessions and admissions may be considered in connection with other evidence to establish it and that it is not necessary in larceny cases that it be proved independently of evidence pointing to the accused as perpetrator of the crime.”
Circumstantial evidence may establish a prima facie case of the corpus delicti. See Frazier v. State, Fla.1958, 107 So.2d 16, 26; Sciortino v. State, Fla.App.1959, 115 So.2d 93.
The evidence that appellant had merchandise of assorted kinds stuffed into pillow cases in his car and that some of that merchandise had not been sold in accordance with the store’s ordinary practice of removing a portion of the sales tags, was sufficient evidence to establish prima facie that appellant was concealing stolen property. It is entirely possible that if appellant, having been faced with the circumstances constituting this prima facie case, had been able to come forward with any reasonable explanation, the prima facie case would have disappeared. See Ard v. State, Fla.1959, 108 So.2d 38.
This brings us to the second point which: questions the sufficiency of the evidence.. Appellant’s main thrust is that his statement to the police, if properly admitted, did not establish that he knew the goods were stolen. The whole of appellant’s statement to "the officers is such that it is hardly credible. The appellant maintains that he took persons, with whom he had no acquaintance, on an extended trip through. South Dade County. At the request of these persons, he made frequent stops where they entered stores and returned with goods in their handbags and under their dresses, which he aided them in hiding in the pillow cases. The appellant admitted to the police officer that he “thought” the goods were stolen. This statement and the-conditions under which the goods were-found in appellant’s automobile are susceptible to only one reasonable interpretation; that is, the appellant aided in concealing goods which he knew were stolen. See Johnson v. State, 127 Fla. 100, 172 So. 708 (1937); Ard v. State, supra.
Appellant’s final point is addressed to the admissibility of the goods taken from, his car. He urges that these goods were shown to be the product of an illegal search and seizure. This contention is without merit. See Self v. State, Fla.1957, 98 So.2d 333; Gray v. State, Fla.App.1965, 177 So.2d 868. Cf. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.
*81 Having determined that appellant has failed to demonstrate error and that this record does not contain an error prejudicial to appellant’s right to a fair trial, we affirm the adjudication and sentence thereon.
Affirmed.