## STATE v. McCLENDON, et al.
### No. 6013.
Circuit Court, Dade County, Criminal Appeal.

December 8, 1966.

Walter E. Gwinn, Miami, for appellants.

Richard E. Gerstein, State Attorney, for appellee.

JAMES LAWRENCE KING, Circuit Judge.

The appellants, Queenie McClendon and Dave Parker, were tried and convicted in the criminal court of record in and for Dade County on the charge of possession of lottery tickets. From the judgment and sentence below, the appellants perfected their appeal. The principal ground of reversal is that the trial court erred in denying appellants' motion to suppress the evidence.

In the case at bar it appears that the police were making a general investigation of lottery in the south end of the county. During the course of the investigation, the police heard emanating from a residence occupied by the appellants, certain conversation that led them to believe that lottery was being purchased and sold from within the premises. The officer went upon the property and knocked at the door and was told to come back. The officer did go back and knocked at the door again, and after giving a fictitious name, was told by someone to come in. The officer thereupon entered the private dwelling, arrested the appellants and seized the evidence in this cause. The aforesaid was accomplished without the aid of either an arrest warrant or a search warrant.

The court is of the opinion that this case is governed by Chapman v. State, 158 So. 2d 578, and Stanley v. State 189 So. 2d 898.

The Chapman decision and the Stanley decision which followed Chapman, expressed the law that exploratory searches are unreasonable and that it is

". . . only necessary for us to find that the testimony of the police officers who made the arrest and conducted the search showed that their primary purpose was to discover evidence to be used against the defendant . . ."

Chapman v. State, supra.

In the case at bar, the testimony of the police officers made it plain that their primary purpose in entering the dwelling was to discover evidence with which they hoped to convict anyone that might be arrested within said dwelling.

For the foregoing reasons, the judgment and sentence appealed from is hereby reversed.