198 So.2d 651 (1967)
Charles Baker RIDDLEHOOVER, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-579.
District Court of Appeal of Florida. Third District.
May 9, 1967.
*652 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CHARLES CARROLL and SWANN, JJ.
SWANN, Judge.
Riddlehoover appeals from an adjudication of guilt and sentence for unlawful possession of a firearm by a convicted felon.
The question raised on appeal is whether the trial court erred in denying his motion to suppress certain evidence found during an allegedly unreasonable search and seizure of the defendant's automobile.
It is evident that the pretext of a minor traffic violation was used by the police to stop Riddlehoover's car and search it without a search warrant for violations of unrelated offenses. This cannot be sustained. See: Byrd v. State, Fla. 1955, 80 So.2d 694; Ippolito v. State, Fla. 1955, 80 So.2d 332; Collins v. State, Fla. 1953, 65 So.2d 61; Brown v. State, Fla. 1953, 62 So.2d 348; Graham v. State, Fla. 1952, 60 So.2d 186; Burley v. State, Fla. 1952, 59 So.2d 744. Where the primary purpose of an arrest appears to have been a pretext for making an unrelated, exploratory search of the defendant, or his car, the search is not justified. See Chapman v. State, Fla.App. 1964, 158 So.2d 578.
We therefore find error in the denial of Riddlehoover's motion to suppress the evidence seized by the police officers from his automobile and its admission into evidence over his objections. Inasmuch as this evidence constituted the crux of the State's case against the defendant, the adjudication of guilt and sentence is hereby reversed and the defendant is discharged from the cause.
It is so ordered.