258 So.2d 1 (1972)
STATE of Florida, Petitioner,
v.
James E. GUSTAFSON, Respondent.
No. 40808.
Supreme Court of Florida.
January 26, 1972.
Robert L. Shevin, Atty. Gen., Charles W. Musgrove and Andrew I. Friedrich, Asst. Attys. Gen., for petitioner.
Michael F. Cycmanick of the Law Offices of James M. Russ, Orlando, for respondent.
DEKLE, Justice.
Petition for certiorari is before us in this cause asserting conflict with Farmer v. State, 208 So.2d 266 (3rd DCA Fla. 1968), and Smith v. State, 155 So.2d 826 (2nd DCA Fla. 1963), regarding the question of proper search and seizure. We find conflict which vests jurisdiction under *2 Fla. Const. art. V, § 4, F.S.A., to review the Fourth District Court opinion at 243 So.2d 615 (1971).
The catalyst for the extensive district opinion is a traffic incident occurring about 1:30 a.m. in the early Sunday morning hours in the town of Eau Gallie on Florida's lower east coast. An automobile driven by appellant and bearing out-of-state license plates was observed by a city police officer to be weaving across the line into another traffic lane. The officer stopped the vehicle "to find out why he had been driving that way, if he had been drinking or something." Upon the officer routinely asking for his driver's license, the appellant informed him that he had left it in his dormitory room at the adjoining town of Melbourne. He was thereupon arrested for failing to have a driver's license pursuant to statute.[1]
At this point when appellant was under arrest, the officer searched him and in a cigarette package taken from appellant's pocket he observed several homemade cigarettes. They turned out to be marijuana. Appellant was then charged with possession of marijuana under the statute.[2]
At a non-jury trial on the charge of unlawful possession of marijuana, the trial judge withheld adjudication of guilt and placed appellant on probation. The Fourth District Court reversed and held this to be an improper search and seizure and so not allowable in evidence, thus precluding any conviction. The court cited the Fourth Amendment to the United States Constitution and Section 12 of the Florida Declaration of Rights securing the people against unreasonable searches and seizures.
The district court's opinion is commendable in its research and treatment of the questions involved and while we uphold the opinion in its basic findings on the questions (1) that the initial stop and detention are reasonable under the circumstances and thus proper under the Fourth Amendment; (2) that the officer had authority to take appellant into custody for failure to have a driver's license in his possession and to arrest him for it; (3) that the officer had authority to search appellant's person instant to such arrest for a minor traffic violation; we reverse on the court's principal holding that the evidence should have been suppressed as the product of an illegal search and seizure in these circumstances.
A reasonable suspicion (which was present here) that the driver was intoxicated not only justified stopping the vehicle, but also justified searching for intoxicants or drugs, inasmuch as our statute makes the influence of either an offense.[3] In today's proliferation of illegal drug use which affects the faculties, checking only for liquors is no longer adequate. The new and devastating use of various drugs in myriad forms (unhappily by drivers in dangerous instrumentalities) imposes the further duty upon the alert police officer to examine as well for such drugs in their various forms. Statistics are now reporting that 1 in 5 fatal traffic accidents involve the use of intoxicants or drugs. Finding the marijuana cigarettes in the natural place of a cigarette package is no different than finding liquor in a liquor bottle. It is no less a proper search and seizure.
The district court opinion criticizes the appellate decisions of this state, including those of this Court and of other district courts initially set forth above for conflict, as being in error in asserting the test for reasonableness for search as being what it describes as "merely a determination of whether the search was incident to a lawful *3 arrest," citing this court's opinions in Italiano v. State, 141 Fla. 249, 193 So. 48 (1940), and Self v. State, 98 So.2d 333 (Fla. 1957). Our opinions are then described as "applying a categorical test of whether a lawful arrest preceded the search with little or no indication that other relevant circumstances were taken into consideration."
The district court then states:
"We will not compound the error nor blindly follow the categorical rule that a search incident to any arrest for the commission of any crime is lawful under the fourth amendment of the United States Constitution and Florida's Declaration of Rights."
The district opinion is an outright "reversal" (rejection) of our former decisions on the test for reasonable search and seizure. We expressly reverse the district opinion in such respect.
It has been the holding of the authorities through the years that once a proper arrest is made and the defendant is in custody that a reasonable search may then proceed and if evidence be then discovered reflecting that a crime has been committed or is being committed, the evidence is proper and admissible. This has included contraband upon search of a vehicle on probable cause (Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)[4]; search of the person and immediate surroundings as an incident to arrest (Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)); and the "plain sight" exception of property which is apparent to the officer after reasonable cause for stopping the defendant (Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); State v. Ashby, 245 So.2d 225 (Fla. 1971)).
In Smith v. State, supra (relied on for conflict), lottery paraphernalia was found in the defendant's pocket during an arrest for operating a vehicle without a driver's license (the same arrest as here and the evidence was in plain sight upon "pat down" incident to taking into custody). It was also held to be a reasonable search, properly incident to the arrest, and the use of evidence discovered was held to be proper in Farmer v. State, supra, where marijuana was found in a match box after an arrest for public drunkenness.[5] Fla. Stat. § 901.21, F.S.A. (1970) also supports such search.
In the routine stopping of a motorist by an officer, as for a "failure to yield right of way", etc., where a traffic citation may be issued, there does not arise any reason for a general search and none would be authorized. This is consistent with the authorities against unreasonable search where there is no occasion for it. These include the line of cases represented by Graham v. State, 60 So.2d 186 (Fla. 1952), holding some incidental searches to be unreasonable and therefore improper, where a person is stopped in a vehicle "only as a pretext for a warrantless search." These are indeed exploratory and not truly incident to arrest since the search is the primary purpose of the arrest. Riddlehoover v. State, 198 So.2d 651 (3d DCA Fla. 1967); Chapman v. State, 158 So.2d 578 (3d DCA Fla. 1963).
The district court turns to Illinois for a different view than that which has been established in Florida. The opinion quotes from People v. Watkins, 19 Ill.2d 11, 166 N.E.2d 433 *4 (1960), and some of the federal courts, citing the 9th Circuit in Jack v. United States, 387 F.2d 471 (1967). There the narrow test is applied that in any incidental search upon arrest "it must ... relate[s] to the crime for which the arrest is made ... and not to some other charge... ." (emphasis ours)
The district court opinion poses the query: "May the search be for evidence of any crime, or is it limited to fruits of the crime for which the person was arrested?" (emphasis ours) The district's answer would restrict the search to that relating to the particular crime for which the actual arrest was made. It would even limit the search after arrest "to a search for weapons, which normally entails only `patting down' the suspect." Further on, the opinion would limit custodial search "to weapons and instrumentalities for escape." This is contrary not only to all Florida authorities as cited above but actually would be in derogation of the statute, section 901.21.
We reject these reversionary views as contrary to the entire body of established law which has been built up in this area and which permits proper incidental search that reasonably ensues after a legal arrest, in accordance with the foregoing authorities which we have set forth and in accordance with our Fla. Stat. § 902.21, F.S.A. This is no time for a retreat in the law when modern methods are demanded by accelerating criminal activity.
Neither do we subscribe to the district opinion's conclusions that generally in traffic arrest situations "there are no fruits or instrumentalities of the crimes"; nor with the assertion that "most searches [and seizures] following an arrest for a traffic violation will undoubtedly be improper" and so prohibited by the Fourth Amendment.
The district court describes its own position as being "This more restrictive interpretation of the proper scope of a search incident to arrest" and introduces the new and narrow test that:
"There must be a nexus between the offense and the object sought for a search conducted in connection with an arrest to be truly incident to it."
We cannot condone this radical departure from established, reasonable standards. We adhere to the former decisions of this state on the subject earlier recited.
The district court's opinion is accordingly quashed except as expressed herein.
It is so ordered.
ROBERTS, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
ERVIN and McCAIN, JJ., dissent.
NOTES
[1] Fla. Stat. § 322.15, F.S.A.
[2] Fla. Stat. § 398.01 et seq., F.S.A.
[3] Fla. Stat. § 317.201, F.S.A. includes: "... under the influence of alcoholic beverages, narcotic drugs, barbiturates or central nervous system stimulants... ."
[4] Fla. Stat. § 933.19, F.S.A. literally adopts the opinion of the Court in Carroll by express reference, the only such time to our knowledge that this has been done.
[5] See also, Fletcher v. State, 65 So.2d 845 (Fla. 1953); Gibson v. State, 180 So.2d 685 (3d DCA Fla. 1965); Chippas v. State, 180 So.2d 355 (3d DCA Fla. 1965); Gray v. State, 177 So.2d 868 (3d DCA Fla. 1965); Lyons v. Town of Lake Park, 153 So.2d 21 (2d DCA Fla. 1963); Cameron v. State, 112 So.2d 864 (1st DCA Fla. 1959); Bozeman v. State, 102 So.2d 648 (2d DCA Fla. 1958).