PER CURIAM.
Defendant was convicted of robbery and sentenced to life imprisonment. He appeals. We reverse and remand for a new trial.
We have considered the points on appeal and the appellate presentment. From the totality of the evidence we conclude that two reversible errors appear, as follows:
1. Defendant was the subject of an illegal search and seizure, the fruit being a hand gun which should not have been received in evidence. Defendant was stopped for a minor traffic offense and his automobile searched while defendant was being held at gun point. From a careful scrutiny, we believe that probable cause for the search did not exist (this being the only basis or predicate advanced for the search) and we reverse on this facet upon authority of Byrd v. State, Fla.1955, 80 So.2d 694; Riddlehoover v. State, Fla.App.1967, 198 So.2d 651; State v. Gustafson, Fla.1972, 258 So.2d 1.
2. The defendant’s in-court identification was prejudicially tainted by an illegal lineup proceeding. Wade v. United States, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. United States, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178. There was not a sufficient basis *908 in fact for the witness to make an independent identification, predicated on the crime rather than the illegal lineup or infield identification procedure, as was the case in Robinson v. State, Fla.App.1970, 237 So.2d 268; Allen v. State, Fla.App.1969, 219 So.2d 444; Anderson v. State, Fla.App.1968, 215 So.2d 618, and Shepard v. State, Fla.App.1968, 213 So.2d 11.
We reverse and remand for a new trial.
Reversed and remanded.
WALDEN and OWEN, JJ., and RICHARDSON, GEORGE, Jr., Associate Judge, concur.