OWEN, Chief Judge.
By interlocutory appeal authorized by Rule 6.3(b) FAR, 32 F.S.A. the State asked us to review a pretrial order suppressing evidence obtained by search and seizure.
Appellee was arrested by two City of Hollywood police officers for a traffic violation committed in their presence, to-wit: driving while under the influence of a narcotic drug proscribed by F.S. Section 316.-028, F.S.A. Because the vehicle which ap-pellee had been operating was to be towed to a storage garage, the police officers preceded to conduct an inventory search. As a result of such search the officers discovered and seized a large quantity of narcotic drugs, the evidence sought to be suppressed. Following an evidentiary hearing on the motion to suppress, at which the only testimony was that of the two arresting officers, the court concluded that the officers did not have probable cause to arrest for DWI. For this reason the court held the search of the automobile to be constitutionally void, requiring that all evidence stemming from the illegal arrest be suppressed.
*406 While wc recognize that a trial court’s finding of lack of probable cause should not be considered lightly, such finding cannot be supported by the record in this case. Both officers testified substantially as follows : The officers were patroling in an unmarked vehicle moving south on 22nd Avenue in the City of Hollywood. They first observed the vehicle which appellee was operating when it came diagonally in a southwesterly direction across a vacant lot, then onto 22nd Avenue crossing the northbound lanes and entering the southbound lanes immediately ahead of the patrol vehicle. Appellee’s vehicle neither stopped before entering 22nd Avenue, nor made any effort to yield to on-coming traffic from either direction. As the officers continued to follow, the appellee’s vehicle ran through a stop sign at an intersection, fishtailed from one southbound lane to the other once or twice, and at the intersection with Sheridan Street again ran through a stop sign and made a right turn from the left hand southbound lane. At this point the officers resolved to stop the vehicle because of the erratic driving and were able to do so within the next block or two. When the officers approached appellee’s vehicle and observed appellee, they noted his appearance which they described as “glassyeyed”, with dilated pupils and droopy eyelids; his speech was slurred and incoherent, and he appeared unable to comprehend what was occurring around him. It was at this point that the officers concluded that appellee was driving while under the influence of an unknown substance and advised him that he was under arrest. This uncontradicted evidence would certainly show that the officers had probable cause to initially stop the vehicle and then to make the arrest. Cf., State v. Gustafson, Fla.1972, 258 So.2d 1.
The arrest occurred October 1, 1972 and the hearing on the motion to suppress was held November 27, 1972, some eight weeks later. There were, indeed, certain consistencies between the testimony of the two officers as to how long they questioned ap-pellee at his car before placing him under arrest, and whether appellee was placed under arrest while he was still seated in the car or after he had stepped out. These details were not sufficiently material to justify the court in concluding that the officers’ uncontradicted testimony on material matters could be disregarded.
As we have indicated, the sole issue presented here is whether the court’s finding of lack of probable cause for the arrest is supported by the record. We conclude that it is not and we therefore reverse the order granting appellee’s motion to suppress. The cause is remanded for further proceeding not inconsistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.