CARROLL, DONALD K., Judge.
The appellant was tried and convicted by the Felony Court of Record of Leon County of the crime of breaking and entering with intent to commit larceny, and has appealed from his judgment of conviction and sentence.
The appellant pleaded nolo contendere to the charges.
The sole question presented for our determination in this appeal is whether the arresting police officer had probable cause to believe that the appellant had committed a crime and whether there was sufficient basis for the officer to take him into custody, and whether the statement he made and the evidence subsequently discovered were the product of an illegal custody and hence should have been suppressed by the trial court’s granting of the appellant’s motion to suppress such statement and evidence.
At the hearing on the said motion to suppress, the police officer, Detective Wayne Luke, testified in substance as follows, as narrated by the appellant in his brief:
On January 1, 1972, he was on patrol in a police car at the intersection of two streets in downtown Tallahassee, Leon County, Florida. As he passed the intersection, he saw a car containing four white males, who looked at him “real hard.” Luke followed the car for about three blocks. The license tag on the car was wired on. At another intersection Luke stopped the car, walked to the car, and shone his flashlight in the back seat and saw a flashlight and a wood ax lying on the floor. The ax blade was “kind of shiny” and he could see that particles had been knocked off.
Luke asked the appellant, who was driving, for his driver’s license, which the appellant produced.
*52 Luke asked the appellant to step outside onto the sidewalk, so he could talk with him a little bit. The appellant “acted real nervous” at this time. Luke asked him about the flashlight and the wood ax, and also asked him if he knew what hour it was and what he was doing in the vicinity.
Luke was suspicious because the downtown area had been highly burglarized within the last month.
Luke asked the appellant whether the ax and flashlight were used for burglary tools and told him that it looked bad for a person to have things like this. When the appellant responded by acting “real nervous”, Luke said it would be best if he took them all down to the police station to find out exactly what they were doing at that time of night. The only explanation that the occupants of the car had given was that they were just riding around town.
Luke asked the appellant to have a seat in the patrol car, then called for assistance to take the other three occupants to the station. Luke drove the appellant to the police station, advising him of his Miranda fights on the way, the appellant saying he understood those rights. Luke asked him if he had anything he wanted to talk about and if he had burglarized any place in that section of town. The appellant admitted that he had burglarized a semi-trailer at the Pic N’ Save Drug Store, which admission was made before arriving at the police station.
After taking the appellant to the police station, Luke went to Thomasville Road, where the drug store was located, and discovered the burglary described by the appellant and also went to an abandoned house and discovered the articles which had come from the semi-trailer. While talking to Luke, the appellant had described the location of the house and the articles placed there. •
On cross-examination Luke said that he had first seen the appellant at 4:30 in the morning and at that time had no knowledge that the crime had been committed.
It is the appellant’s main contention in this appeal that Luke did not have probable cause to take the appellant into custody; that, nevertheless, he ordered the appellant into the police car and drove him to the police station, constituting a seizure of the appellant’s person; that, therefore, there was no probable cause to take custody; and that the discriminating statement was the product of this illegal detention and was inadmissible in evidence. In support of this contention the appellant cites several decisions of the United States Supreme Court in situations in which the arresting officer had no reasonable cause to believe that a crime had been committed.
On the other side, the appellee in its brief cites several U. S. Supreme Court and Florida decisions in support of its contention that Luke had probable cause to take the appellant into custody, so that the incriminating statement made by him during the detention was admissible in evidence.
In resolving the judicial problem of what constitutes probable cause, it cannot be resolved with a specific rule defining probable cause, any more than we could frame a definition of what constitutes “reasonable” —for it all depends upon the facts of the particular case.
The case cited by the appellee that involves facts most nearly analogous to those in the case at bar, is our decision in Donar v. State, 236 So.2d 145 (Fla.App.1970). In that case a police officer investigated a suspicious vehicle, containing two occupants, moving in an industrial park. Upon inspecting the driver’s license, he observed limestone muck on the driver’s feet and by flashlight noted gloves and an instrument (sledge hammer or ax) on the rear seat of the car. After looking into the trunk, the officer arrested the two men and charged them with vagrancy. Thereafter it was discovered that a building in the industrial *53 park had been broken into. This court, after approving the admission into evidence of the articles observed by flashlight, said:
“We conclude that a reasonably prudent and intelligent person, under the circumstances revealed in this record, would have had good grounds to believe that a felony had been committed or was being committed. The fact that the police officer initially charged appellant with vagrancy is not material to the subsequent admission of the fruits of the search into evidence. While the officer had appellant under lawful detention the additional information furnished by the second police officer would have alerted any reasonable person to conclude that the two men cruising in an automobile upon private property during a drizzling rain at midnight, without any logical explanation for their presence at such location, had probably committed the crime at the nearby building.”
The Supreme Court of Florida in State v. Outten, 206 So.2d 392 (Fla.1968) has held that the facts constituting probable cause need not meet the standard of conclusiveness, saying:
“The facts constituting probable cause need not meet the standard of conclu--siveness and probability required of the circumstantial facts upon which conviction must be based. . . . The sufficiency of the officer’s knowledge is not to be judged by an analysis of the effect of each isolated circumstance. Rather, it is to be measured by the test of what a reasonable man would have believed had he had known all of the facts known by the officer. . . . This rule of arrest is even more logical in this age of rapid transit, than it was in earlier years. Many criminals would be out of the jurisdiction and beyond apprehension before arrest could be made if the officer were held to a stricter standard than that stated above. ...”
The reasoning of the able trial judge for denying appellant’s motion to suppress is as follows:
“ . . . The Court’s thinking is primarily trying to piece together the fact that we have four youths at 4:30 a.m., either coming from or going to an area that had been burglarized. I can’t recall whether they were going east or west but, in any event, they were either going away from or toward the area in which there had been a previous burglary held in. A suspicious look was rendered and, by following the car, it revealed a wired tag. This furthered'the officer’s suspicion and then, upon stopping the vehicle, the flashlight revealed an ax and a flashlight and I think it would be just about as reasonable to question someone —well, the part I have trouble with is the taking away from that area to the station but I think, in terms of the reasons involved, the time of the morning and the proximity of the Police Station to the particular location and the fact that the location was on a highway and road intersection there and the Police Station is not but about five or six blocks away, I can’t find that unreasonable, based upon the circumstances, and the responsibilities that are charged to police officers, especially in light of the stop and frisk act. It appears to me that there have been no constitutional rights violated in this particular case, considering the totality of the circumstances. For that reason I am going to deny the motion.”
In our opinion, the trial court correctly held that the requisite probable cause existed in the case at bar and that the trial court correctly denied the appellant’s motion to suppress.
Therefore, the judgment appealed from herein must be, and it is
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.