297 So.2d 335 (1974)
Carl CRIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-613.
District Court of Appeal of Florida, Second District.
February 8, 1974.
Rehearing Denied July 26, 1974.
*336 Britt Whitaker, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr. and Richard C. Booth, Asst. Attys. Gen., Tampa, for appellee.
MANN, Chief Judge.
The trial court held that the line-up in which Cribbs participated was impermissibly suggestive and announced, "I am going to suppress the line-up but not the in-court identification." There is consequently a misunderstanding of United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. When a line-up was shown to have been improper, the in-court identification is presumed to be tainted by it until the State shows by clear and convincing evidence that the in-court identification is grounded upon an independent basis. That may well have been shown in this case, had the court recognized the effect of the taint, because the witness had seen the defendant on several prior occasions and had given a description of him to the police. Unfortunately we know nothing about what that description was and we have no basis on this record for determining that the in-court identification was based upon observation prior to the invalid line-up. The evidence of guilt is not so conclusive as would warrant our finding the error harmless, as we did in Settle v. State, Fla.App., 288 So.2d 511, Opinion filed January 25, 1974.
The judgment and sentence are vacated and the cause is remanded for further proceedings, free of suggestivity, affording the State an opportunity to show by clear and convincing evidence that, the in-court identification is free of taint, and thereafter for reentry of judgment and sentence or for a new trial as required by United States v. Wade, supra.
McNULTY and BOARDMAN, JJ., concur.

ON PETITION FOR REHEARING
The State's supplemental petition for rehearing asserts that:
"This honorable court's reliance on United States v. Wade, 388 U.S. 218 [87 S.Ct. 1926, 18 L.Ed.2d 1149], for vacating and remanding is completely misplaced in that: United States v. Wade is concerned with a rule of exclusion applicable only when there is a denial of counsel at lineup.
There is no rule of exclusion applicable to in-court identifications involving questions of pretrial misidentification procedures. The in-court identification continues to be admissible even though the pretrial misidentification procedure is so unduly suggestive as to give rise to a substantial likelihood of misidentification. It is only when the word irreparable comes into play that one is concerned with the in-court identification as a violation of due process."
*337 To suggest that Wade has no pertinence except to the question of counsel at line-up is grossly to misread that decision. Our opinion did not deprive the State of its opportunity to show that the in-court identification was grounded upon an adequate independent basis. A reading of the Supreme Court's opinion in Wade, especially § V, 388 U.S. 218 at 239, 87 S.Ct. 1926, 18 L.Ed.2d 1149 et seq., will elucidate the fallacy on which the petition for rehearing rests. Counsel for the State is referred also to Wall, Eyewitness Identification in Criminal Cases, and to American Law Institute Model Code of Pre-arraignment Procedure, Tentative Draft No. 6, Part 1(c) (1974).
Petition for rehearing is denied.
McNULTY and BOARDMAN, JJ., concur.