337 So.2d 780 (1976)
Ralph Anthony CIONGOLI, Petitioner,
v.
STATE of Florida, Respondent.
No. 47630.
Supreme Court of Florida.
June 30, 1976.
Rehearing Denied October 13, 1976.
*781 Craig R. Wilson, of Ruffolo & Wilson, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., and Basil S. Diamond, Asst. Atty. Gen., for respondent.
HATCHETT, Justice.
A writ of certiorari issued in this cause on the basis of a supposed conflict between the decision of the District Court of Appeal, Fourth District, reported at 313 So.2d 41, and the decisions in Cribbs v. State, 297 So.2d 335 (Fla.App.2d 1974) and Hearns v. State, 262 So.2d 907 (Fla.App. 4th 1972). After hearing oral argument, we have concluded that the conflicting language is mere obiter dicta, and that the writ of certiorari should be discharged. See Lake v. Lake, 103 So.2d 639 (Fla. 1958) (where "an opinion is rendered by a district court of appeal that prima facie conflicts with a decision of another district court of appeal ... on the same point of law, the writ of certiorari may issue and, after study, may be discharged" At 643). On the merits, we neither approve nor disapprove the District Court's holding, or anything said in its opinion.
Petitioner Ciongoli and another stand accused of robbery. Shortly after the robbery, the victims identified petitioner as one of the perpetrators. At a pre-trial hearing eight months later, the trial judge concluded that the identification procedure, a two on two show up, was impermissibly suggestive, and ruled that testimony as to the out of court identification on the day of the robbery would not be admitted at trial. From this ruling, the prosecution took an interlocutory appeal[1] to the District Court of Appeal, Fourth District. The District Court "reverse[d] and vacate[d] the order suppressing evidence of the police station identification," at 44, saying:
The observation and ready identification of the accused by the witnesses so soon after the alleged robbery appears to us to be conducive to an accurate identification and entitled to be given more weight, by both the court and the jury, than the difficulty by the witnesses in making an identification after the lapse of eight months, especially in view of the change in appearance of the accused. At 45 (footnote omitted).
In addition, the District Court expressed the view that there is no "evidentiary rule of exclusion applicable to suggestive preindictment or pre-trial identification procedures." At 44. In a footnote, the District Court went on to say that its "conclusion in this case is in conflict with the views expressed in Cribbs." At 44 n. 3. Although the views expressed in Cribbs and the views expressed in the opinion below are not consonant in every particular, we conclude there is no direct conflict between the holdings of those decisions, and no conflict within the meaning of the Florida Constitution, art. V, § 3(b)(3) (1975).
In its earlier decision in Hearns v. State, supra, the District Court of Appeal, Fourth *782 District, reversed a robbery conviction, not because the out of court identification was improper, although that was assumed, but because the "in-court identification was prejudicially tainted by an illegal lineup proceeding." At 907. Likewise in Cribbs v. State, supra, the trial court ruled "`I am going to suppress the line-up but not the in-court identification.'" At 336. On appeal, the District Court of Appeal, Second District, vacated Cribbs' conviction on the ground that "the in-court identification is presumed to be tainted", id., by illegal out of court identification unless the prosecution demonstrates "an independent basis", id., for the in-court identification. Both Cribbs and Hearns stand for the proposition that a witness' in-court identification of a criminal defendant cannot be based on an illegal out of court identification.
The only issue in the present case was the threshold question whether the out of court identification procedures were illegal. When the court below concluded that the out of court identification in the present case was proper, no other question remained for decision. Only if the District Court had concluded that the out of court identification was illegal, would it have been necessary or appropriate for it to reach the question which arose in Cribbs and in Hearns. Since the District Court held that the out of court identification was legal, it was impossible for its decision to conflict directly with the rule established by Cribbs and Hearns.[2] Without expressing any view as to the merits either of the decision below or of the Cribbs-Hearns rule, we conclude that there is no direct conflict and that we therefore lack jurisdiction in this matter.
The petition for writ of certiorari is discharged.
OVERTON, C.J., and ROBERTS and ENGLAND, JJ., concur.
SUNDBERG, J., concurs in result only.
ADKINS, J., dissents with an opinion.
BOYD, J., dissents and concurs with ADKINS, J.
ADKINS, Justice (dissenting).
I respectfully dissent.
This Court will take jurisdiction where statements of the law conflict with statements of earlier cases, even though the statement from the earlier cases can be regarded as obiter dictum. As stated in Twomey v. Clausohm, 234 So.2d 338 (Fla. 1970),
"We, therefore, detect a conflict and potential confusion in the law generated by the quoted statement from the decision under review and the statements quoted from the other decisions. Nielsen v. Sarasota, 117 So.2d 731 (Fla. 1960). It is to eliminate this apparent confusion that we have taken jurisdiction. Even if the statement from one of the earlier cases can be regarded as obiter dictum the conflict still establishes our jurisdiction. Sunad, Inc. v. Sarasota, 122 So.2d 611 (Fla. 1960)." (Emphasis supplied.) pp. 339-40.
BOYD, J., concurs.
NOTES
[1] Under our decision in State v. Smith and Figgers, 260 So.2d 489 (Fla. 1972), the State had no appeal as of right. In order to reach the merits, the District Court evidently treated the appeal papers as a petition for writ of common law certiorari.
[2] At p. 44, the District Court said:

We do not reverse because the trial judge ... did not ... presume an improperly suggestive pre-trial identification taints and conditionally excludes an in-court identification.