PER CURIAM.
Finding that the warrantless search of the motor vehicle which the appellant was *1038 operating was justified as a search incident to appellant’s lawful arrest for driving with a suspended license, we do not reach the question of whether appellant voluntarily gave the arresting officer consent to search the vehicle. Since the legality of the warrantless search is the only issue presented in this appeal, it follows that appellant’s convictions for driving while license suspended, possession of cocaine and possession of LSD should be and are hereby affirmed. See State v. Eady, 538 So.2d 96 (Fla. 3d DCA 1989); Fields v. State, 369 So.2d 603 (Fla. 1st DCA 1978); State v. Gustafson, 258 So.2d 1 (Fla.1972); Pafford v. State, 281 So.2d 51 (Fla. 1st DCA 1973).
SMITH and MINER, JJ., and PEARSON, TILLMAN (Ret’d), Associate Judge, concur.