PER CURIAM.
Appellant-defendant, David Lee McRae, appeals from a judgment of conviction of robbery by force and violence and sentence of 75 years. He poses three points on appeal :
1. The police unlawfully searched appellant’s person and automobile without a warrant or probable cause.
2. The totality of circumstances demonstrates that the State failed to carry its burden of proving appellant’s incriminating statements were not involuntary.
3. The State failed as a matter of law to prove the guilt of the appellant beyond and to the exclusion of every reasonable doubt.
A deputy sheriff testified that on the evening of the robbery his patrol car was notifed by radio transmission that an armed robbery had taken place; that an automobile, described as a 1965 or 1966 GTO convertible, blue colored, with racing stripes running “across the trunk of the automobile rather than lengthways from one side of the car to the other”, was involved in the robbery; that he stopped an automobile matching the radio description particularly noting the racing stripes; that he arrested the appellant-driver on the charge of armed robbery, informed appellant of his *134 constitutional rights, and made a search of appellant incidental to this arrest. The deputy sheriff removed a .22 caliber revolver from appellant’s front pants pocket, and impounded the automobile. Later, at the county jail, it was ascertained that the car had been stolen. -A “routine” inventory search was made of the contents of the vehicle and a bank moneybag containing approximately $30 in currency and change, together with a black felt hat, were recovered. These articles were subsequently identified in connection with the robbery for which defendant was charged. Appellant was fully advised of his constitutional rights again at the police station and at that time gave an oral confession, including information concerning his accomplices.
 At the trial one of appellant’s accomplices testified in detail as to his own part as well as appellant’s full participation in the robbery. Other corroborating evidence was introduced. We will not unduly belabor the appellant’s points on appeal save to observe that the circumstances surrounding this arrest reflect prompt and diligent police work in apprehending the perpetrators of this serious crime. Probable cause was clearly established for the appellant’s arrest and the search of his person was incident to this lawful arrest. The fruits of this legal arrest and the later inventory search of the vehicle were properly admitted into evidence. Circumstances surrounding appellant’s incriminating statements to the law officer on the night of the arrest reflect that they were voluntary and therefore admissible.
Finally, as to the last point, the guilt of this defendant was overwhelming. We observe that if a directed verdict were available on evidentiary matters in a criminal case, the record in this case would have warranted the trial judge granting same.
Affirmed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.