RAWLS, Judge.
The sole question by appellant on this appeal from a judgment of conviction of robbery is that the law enforcement officers did not have probable cause to arrest him and search the vehicle in which he was riding.
The Crescent City Chief of Police received a radio call advising all law enforcement officers to be on the lookout for a 1959 or 1957 Plymouth or DeSoto automobile of white or white and red color, occupied by three negro males who' were suspects in an armed robbery. The radio message further advised that these suspects were considered to be armed and dangerous. Shortly thereafter, around 10:45 p. m., the Chief of Police observed a 1960 blue and white Chrysler automobile, occupied by three negro males, traveling down the highway. As the vehicle approached, he saw a negro male in the back seat lie down. After following the car through Crescent City, the Chief of Police decided to stop the automobile but prior to doing so radioed for assistance in apprehending the suspects as he realized they might be armed and dangerous. In response to his radio call, a Constable came to his aid and forced the vehicle to stop. Upon peering inside the vehicle the Constable observed one or more revolvers in open sight on the front seat. After placing the driver under arrest and handcuffing him, the Constable ordered the other two occupants out of the car. Kaymore, the passenger in the rear seat, refused to get out of the automobile and had to be forcibly withdrawn. The three were placed under arrest for “suspicion of a robbery.” The fruits of the robbery, described to the officers by radio, were discovered by a search of the vehicle.
The trial court denied appellant’s motion to suppress the incriminating evidence found in the automobile. We observe that the actions of the Chief of Police and the Constable under the circumstances of this case are to be commended rather than condemned. This type of law enforcement is a positive step towards making the law-abiding citizens of this State feel safe and secure in their lives and property.
We hold that a reasonably prudent and intelligent person under the circumstances reflected in this record had good cause to believe that a felony had been committed and that probable cause existed for the apprehension of the instant vehicle and its occupants. Donar v. State, 236 So.2d 145 (1 Fla.DCA 1970); State v. Outten, 206 So.2d 392 (Fla.1968); State v. Gustafson, 258 So.2d 1, opinion filed by the Supreme Court of Florida on January 26, 1972; and Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305 (1967).
The judgment appealed from is affirmed.
*853 SPECTOR, C. J., and JOHNSON, J., concur.