PER CURIAM.
This is an appeal by the state from an order of the criminal court of record of Dade County granting a motion of the ap-pellees, defendants below, to suppress certain evidence.
The facts developed on the hearing on the motion to suppress were as follows. Officer Gardner, of the Dade County Public Safety Department, while on duty in a police vehicle on a certain date at 11:30 P.M., at a point on the west side of the Palmetto Expressway where there was an overpass for pedestrians and bicyclists, saw two men standing on the overpass. The location was one which was known by the officer to have been used for vandalism. He attempted to approach the men on foot. When he reached a point approximately sixty feet from them they picked up some belongings and fled from the overpass toward the east. As they did so, Gardner saw one of them drop something which, upon inspection he found to be a package containing what he concluded was marijuana. Gardner radioed a “bolo,” that is, a notice to other officers to “be on the lookout for” the two men, with a description thereof as to height, build and clothing (including a distinctive garment, a white sweater or shirt circled with dark stripes), and giving the location and announcing the marijuana possession. A fellow officer, Jackson, who was in a vehicle some ten blocks to the west, upon receiving the radioed information, proceeded into the area indicated. He saw two men at an outdoor telephone booth who appeared to him to fit the description given in the bolo. As Jack *707 son was making a U-turn to get to where the men were he saw them enter a red Volkswagen and drive westerly and onto the Bird Road northbound entrance ramp of the Palmetto Expressway. Jackson followed and “pulled them over” on the shoulder of the expressway a short distance beyond the ramp entrance. Meanwhile, Jackson had radioed his observance of the men and that he was proceeding after their car, and upon stopping them radioed for backup police support.
The driver of the Volkswagen, Rebozo, got out of the car, and in response to request from Officer Jackson furnished identification. At that time Jackson saw a brown vial with a white top protruding three quarters of an inch or an inch from the left front pocket of Rebozo’s blue jeans. Jackson told Rebozo to stay there, and went first to the driver’s side of the Volkswagen, in which Gonzalez was seated, and then around to the passenger side. Gonzalez opened the door as if to get out, but was told to remain therein. With the door open, Jackson saw, on the floor of the car protruding from under the front seat near Gonzalez’ feet, an open brown pouch in which were exposed several transparent bags containing white material which the officer concluded (correctly as it turned out) was a narcotic. Jackson returned to Rebozo and noticed the vial no longer was exposed in his pocket. With his flashlight the officer found such a vial on the ground, nearby Rebozo, in a condition which he described as broken into several pieces as if stepped on. Jackson observed that the contents of the vial, some of which remained in the broken parts thereof, were a white substance he stated appeared to be a narcotic. By that time Officer Gardner and a back-up officer were present. Jackson then informed the men they were under arrest for possession of narcotic drugs.
In court at the hearing on motion to suppress were five boxes containing white powder, which had been transferred thereto from the several containers thereof found in the Volkswagen, and one of which contained material which had been in the vial. It was shown in evidence that a sample of each, when chemically analyzed, had been found to be cocaine.
The order entered by the trial court does not reveal the ground upon which the motion to suppress was granted, but the transcript of the argument made there on behalf of the defendants, reveals that counsel for defendants relied on Gustafson v. State, Fla.App.1971, 243 So.2d 615, decided by the fourth district court of appeal, in contending that such evidence was obtained by an unlawful search and seizure because it was the nexus of a different offense than that for which the men were being sought (possession of marijuana) and for which their vehicle was stopped, and that the officers had no probable cause for arrest of the men, or to stop their vehicle.
However, upon review of the Gustafson case as decided by the fourth district, that decision was quashed by the Supreme Court of Florida. See State v. Gustafson, Fla.1972, 258 So.2d 1. In fairness to the trial court it should be noted that the opinion of the Supreme Court quashing the Gustafson case was rendered on January 26, 1972, which was some weeks after the order granting the motion to suppress in this case.
In State v. Gustafson, supra, which is controlling here, the Supreme Court said:
“The district opinion is an outright ‘reversal’ (rejection) of our former decisions on the test for reasonable search and seizure. We expressly reverse the district opinion in such respect.
“It has been the holding of the authorities through the years that once a prop *708 er arrest is made and the defendant is in custody that a reasonable search may then proceed and if evidence be then discovered reflecting that a crime has been committed or is being committed, the evidence is proper and admissible. This has included contraband upon search of a vehicle on probable cause (Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)); search of the person and immediate surroundings as an incident to arrest (Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)); and the ‘plain sight’ exception of property which is apparent to the officer after reasonable cause for stopping the defendant (Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); State v. Ashby, 245 So.2d 225 (Fla.1971)).”
After Officer Gardner retrieved the bag containing marijuana which was dropped as the men fled, he had reasonable ground to apprehend them, had he been able to do so. The other officer, Jackson, acting on the information obtained by Officer Gardner relayed to him by the radioed bolo, was equally enabled in law to apprehend the described persons. Salas v. State, Fla.App.1971, 246 So.2d 621; McRae v. State, Fla.App.1971, 245 So.2d 133. Therefore, there was basis here to stop and apprehend the defendants because of having been seen in possession of marijuana, and the resultant seizure of the narcotics which were found in their possession (and which in fact were in plain sight of the arresting officer) was lawful.
Accordingly, on the law applicable to a case of this kind, as reviewed and pronounced by the Supreme Court in State v. Gustafson, supra, Fla.1972, 258 So.2d 1, we hold, as contended for by the state, it was error to grant the motion to suppress. The order thereon which is appealed from is hereby reversed, and the cause is remanded to the trial court for further proceedings.