363 So.2d 862 (1978)
Barry St. JOHN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2486.
District Court of Appeal of Florida, Fourth District.
November 1, 1978.
Rehearing Denied November 22, 1978.
Franklin T. Walden of Brock, Massey, Walden & Eaton, Altamonte Springs, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Robert L. Bogen and Kenneth G. Spillias, Asst. Attys. Gen., West Palm Beach, for appellee.
*863 DOWNEY, Chief Judge.
Appellant was charged with possession of a controlled substance in violation of Section 893.13(1)(e), Florida Statutes (1975). Appellant's motion to suppress evidence was denied and he pleaded nolo contendere, reserving the right to appeal the denial of the motion to suppress.
The evidence at the suppression hearing showed Officers Bell and Wells were in an unmarked police unit when Bell saw appellant drive by in a 1969 orange Camaro. The vehicle reminded him of a Bolo received an hour or two earlier to look out for an orange Camaro or Firebird, approximately 1968 model, containing a white male. Bell immediately requested a rereading of the Bolo and a license number. The requested information was not immediately forthcoming so Bell requested Officer Poff, who was driving a marked cruiser, to stop appellant. After stopping appellant, the unmarked unit containing Officers Bell and Wells arrived at the scene and Officer Poff departed.
Both appellant and the officers exited their cars and Bell identified himself as a police officer and asked appellant for his driver's license. At that time Bell smelled the odor of marijuana about appellant's person and asked appellant if he had been smoking marijuana. Appellant admitted he had and told Bell he had a nickel bag left in the car. At Bell's request appellant procured the nickel bag. Bell then asked appellant if he could search the vehicle, but before doing so Bell advised appellant he did not have to consent to a search of the vehicle and that anything found therein could be used against him. Appellant consented to the search which resulted in locating more marijuana, whereupon Bell then arrested appellant. Following the arrest appellant admitted the marijuana was his.
Bell testified that when he stopped appellant he did so pursuant to the Bolo. After appellant consented to the search, Bell radioed Officer Poff to see if he had any "consent to search" forms. Poff corroborated this.
Appellant contends the trial court committed reversible error in failing to suppress the evidence obtained as a result of the search of appellant's car because the original stopping of appellant's car by the police was improper. While we agree the initial stop and detention of appellant was improper, we do not believe the trial court erred in denying suppression because it is clear on this record that appellant consented to the search.
With regard to the initial stopping of appellant's car the proof adduced at the suppression hearing showed the police did not have the founded suspicion necessary to warrant stopping and detaining appellant pursuant to Section 901.151, Florida Statutes (1975). The sole basis for the stop was the bolo received by the officers an hour or two earlier. In order for a bolo to justify such a stop there must be some showing by the state at a suppression hearing that the information contained in the bolo was reliable. If the police received the bolo information from some unknown tipster, it would not carry the credibility necessary to justify reliance thereon. This is the rule followed by the Second District Court of Appeal in State v. Hendry, 309 So.2d 61 (Fla.2nd DCA 1975), and Lewis v. State, 337 So.2d 1031 (Fla.2nd DCA 1976). We think that rule comports with constitutional safeguards. As the Supreme Court of the United States said in Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972):
"Some tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized. But in some situations  for example, when the victim of a street crime seeks immediate police aid and gives a description of his assailant, or when a credible informant warns of a specific impending crime  the subtleties of the hearsay rule should not thwart an appropriate police response." Id. at 1924.
Thus, when confronted with a motion to suppress involving a stop based upon a police radio broadcast advising police to be on the lookout, the state having the burden of *864 proof to show a warrantless search is reasonable[1] must adduce proof to support the reliability of the information contained in the bolo or that there were other circumstances observed or otherwise known by the police which created the founded suspicion justifying the stop. The state relies upon several cases such as McRae v. State, 245 So.2d 133 (Fla.1st DCA 1971), and Kaymore v. State, 260 So.2d 851 (Fla. 1st DCA 1972), to support the contention that the mere receipt of a bolo gives an officer the right to stop and detain an individual. A cursory reading of those cases would indicate that the question was never raised. Therefore, they can hardly be considered as authority for the state's contention.
Even though the initial stop was not shown to be proper, we do not believe the evidence was obtained as a result of that illegal stop; rather the proof showed the evidence was obtained as a result of appellant's consent to a search of his car. Officer Bell advised appellant that appellant was not obligated to allow a search of the car and that, if he did consent, anything found could be used against him. Regardless of this warning, Bell testified that appellant gave his consent. By way of corroboration Officer Poff, who had departed the scene, testified that Bell radioed him for "consent to search" forms but that he did not have any. Since the stop was improper in order to assure that any consent to search was truly voluntary, the proof must be clear that no coercion existed. State v. Othen, 300 So.2d 732 (Fla.2nd DCA 1974); State v. Spanierman, 267 So.2d 102 (Fla.2nd DCA 1972). See also Annot., 9 A.L.R.3d 858 (1966). From the proof adduced, we find the consent was voluntary.
For the foregoing reasons we affirm the judgment appealed from.
AFFIRMED.
ANSTEAD and DAUKSCH, JJ., concur.
NOTES
[1] Raffield v. State, 351 So.2d 945 (Fla. 1977); State v. Hinton, 305 So.2d 804 (Fla.4th DCA 1975).