MOORE, Judge.
This is an appeal from the denial of a motion to suppress evidence. Upon a plea of nolo contendere, reserving the right to appeal the said denial, adjudication of guilt was withheld and appellant was placed upon probation. The issue before us is whether the police officers acted lawfully in stopping appellant’s vehicle and detaining appellant. We find that the original stop was unlawful and the motion to suppress should have been granted.
In the early morning hours the police received a complaint regarding a noisy fisherman. Upon arrival at the scene of the alleged disturbance a lone police officer found one fisherman who denied creating any noise. This fisherman did, however, provide the officer with information that an orange van had recently appeared across the waterway, parked and remained for approximately ten minutes, then hurriedly left the area with its lights out. The officer searched the suspect area for approximately ten minutes and was unable to locate an orange van. Approximately ten more minutes transpired when the officer saw an orange van proceeding in the opposite direction from his line of travel. Following approximately two car lengths behind the van was the vehicle driven by appellant. Both vehicles were proceeding within the speed limit and were not committing any traffic infractions. The officer made a U-turn and with the assistance of another officer, who was called upon the scene, stopped both the van and appellant’s vehicle. After discovering marijuana located in the van, additional marijuana was discovered in appellant’s vehicle.
The reasons given by the officer for stopping appellant were that his automobile was following the suspect van, the driver “didn’t look as though he fit the car . . ”, his hair was unkempt, the driver looked suspiciously at the officer when the latter made a U-turn, the vehicle had a rental license tag which was bent, it was approximately 4:00 A. M., and the officer was aware of previous burglaries in the area where the van was originally seen. No attempt was made through a radio, computer-check to determine whether or not the vehicle was stolen.
Although the officer may be commended for his. alert police work, we find that his conduct fails to meet the objective justification necessary to develop the founded suspicion required to support the initial detention. The officer received no information from any source concerning the appellant, or his automobile, before detention. In order to justify a temporary detention an officer must have a “founded suspicion” that a crime had been, was being, or was about to be committed. At best, the officer had a bare suspicion that a recent model automobile with a bent license tag, trailing an orange van by two or three car lengths, was somehow involved with the commission of a crime. This is not sufficient. As this court stated in State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978):
“A ‘founded suspicion’ is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer’s knowledge. ‘Mere’ or ‘bare’ suspicion, on the other hand, cannot support detention. Coleman v. State, 333 So.2d 503 (Fla. 4th DCA 1976). Mere suspicion is no better than random selection, sheer guesswork, or hunch, and has no objective justification. . . . ” 354 So.2d at 1247.
Because the officer did not lawfully stop the appellant, all that was seized was the result of an unlawful search and seizure. Bailey v. State, 295 So.2d 133 (Fla. 4th DCA 1974). Therefore, we reverse the trial court’s denial of the motion to suppress and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.