MOORE, Judge.
Appellant was charged with the felony of carrying a concealed firearm. He now appeals the denial of his motion to suppress, having entered a plea of nolo contendere and reserving his right to appeal.
At the hearing on the motion to suppress, the evidence revealed that the police, at a briefing session, received a BOLO (be on the lookout) for a “white male, five feet nine, thin build, approximately 130 pounds, light complexion, blonde hair and a pony tail”. Possession of a black colored gun was also mentioned as a way of identifying the suspect who allegedly committed two armed robberies on the two previous days.
Appellant was stopped by police officers in a patrol car as he was walking down the street approximately two miles from the scene of the robberies. The officers advised appellant that they wished to speak to him, and immediately upon getting out of the automobile, one of the officers “patted” the front of appellant’s shirt, finding a .32 caliber revolver. The revolver was not in the officer’s plain view at the time of the “pat”. Appellant was arrested for carrying a concealed firearm.
Appellant contends the trial court committed reversible error in failing to suppress the evidence obtained as the result of appellant’s detention and “pat down”. We agree and reverse.
We believe this case to be controlled by this Court’s decision in St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978) where we held that, “[i]n order for a BOLO to justify such a stop there must be some showing by the State at a suppression hearing that the information contained in the BOLO was reliable”. Here, there was a total lack of such evidence. There was no testimony at the suppression hearing concerning the source of the information contained in the *211 BOLO. In fact, the testimony indicated that the BOLO was unreliable in that a witness to one of the previous robberies testified that the alleged robber had straight, coal black hair down to his shoulders which was not maintained in a pony tail. At a lineup, none of the witnesses to the robberies was able to identify appellant as the alleged perpetrator.
Moreover, the appellant was walking down a public street at a time remote from the robberies, in a vicinity that was distant from the scenes of the robberies. He fully cooperated with the police when they stopped him and there was nothing suspicious in his appearance. Absent a reliable BOLO, the facts known to the police at the time they detained appellant were simply insufficient to form the basis for a reasonable suspicion pursuant to Section 901.151 Florida Statutes (1977). The evidence adduced at the suppression hearing failed to establish the reliability of the BOLO. Compare, State v. Hetland, 366 So.2d 831 (Fla. 2nd DCA 1979). The motion to suppress should have been granted.
REVERSED AND REMANDED.
ANSTEAD and BERANEK, JJ., concur.