SCHEB, Acting Chief Judge.
Defendant, Robert Allen Sharpless, appeals an order denying his motion to suppress evidence obtained after a police officer conducted a warrantless search of his parked car. We reverse.
The state’s information charged Sharp-less with carrying a concealed firearm and possession of a short-barrel shotgun. Sharpless moved to suppress the evidence obtained by arresting Officer Goff of the Frostproof Police Department when he conducted a search of the defendant’s vehicle. At the suppression hearing, Goff testified that he heard on police dispatch that an anonymous caller reported seeing a man get out of a large brown or red sedan wearing a sidearm. The man removed a rifle from the trunk, laid it on the front seat, and drove away. The caller did not name or describe the man or give any further description or details.
Goff saw a car that he thought matched the description given in the dispatch backed into the driveway of a house 100-150 yards from the location the caller had given of the suspect car. Sharpless was seated in the driver’s seat of the car speaking to a woman. Goff did not see anything unusual, and no recent crimes had been reported in the area. Nevertheless, Goff pulled in front of the car to block its exit. He ordered Sharpless, who was wearing an empty holster, to get out of the vehicle and place his hands on the hood. As directed, Sharpless remained at the front of his car while Officer Goff conducted a full search of the passenger compartment. When his search revealed a gun under the front seat, he arrested Sharpless.
After the denial of his motion to suppress, Sharpless pled nolo contendere to carrying a concealed firearm, reserved the right to appeal the denial of the motion to suppress and was sentenced. The state nolle prossed the charge of possession of a short-barrel shotgun. Sharpless now argues that the trial court erred in denying his motion to suppress the gun removed from his car because the officer lacked a well-founded suspicion to support the stop. We agree.
At the outset we observe that, contrary to the state’s position, the incident was not merely a consensual police encounter. Officer Goff intentionally blocked defendant’s exit and directed him to remain with his hands on the hood of the car while Goff conducted a search. We think these facts characterize the incident as a stop within the meaning of Florida’s stop and frisk law. § 901.151; Fla.Stat. (1987); McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989).
We now turn to the dispositive question of whether Officer Goff had a well-founded suspicion to justify the stop. Although an anonymous tip may be sufficiently reliable to support a founded suspicion, it must be corroborated by the personal observations of the officer. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (1980). The suspect here was not described in any way. More importantly, the activities reported by the anonymous caller were not illegal. *737 Furthermore, upon approaching the defendant, Officer Goff did not observe any illegal conduct. On the contrary, Officer Goff candidly testified that he merely “felt” defendant was probably about to commit a crime. The information furnished by the anonymous caller and the officer’s hunch were insufficient to justify the stop. Consequently, the subsequent warrantless search of the defendant’s vehicle was improper.
Based on the totality of the circumstances, we find that there were no facts on which Officer Goff could have based a reasonable suspicion that defendant had committed, was committing, or was about to commit a crime. § 901.151, Fla.Stat. (1987). Since Officer Goff lacked the well-founded suspicion necessary to justify defendant’s detention, the search of his car was improper, and the court erred in failing to suppress the fruits of that search.
Reversed.
RYDER and PARKER, JJ., concur.