552 So.2d 1181 (1989)
Paul Gregory TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0952.
District Court of Appeal of Florida, Fourth District.
November 29, 1989.
Oliver Addison Parker of the Law Office of Oliver Addison Parker, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Miles Ferris and Deborah Guller, Asst. Attys. Gen., West Palm Beach, for appellee.
*1182 GUNTHER, Judge.
We reverse the convictions and remand to the trial court to vacate the sentence and the order of revocation of probation.
This case arises from the stop and search of a rental vehicle on August 14, 1987. We conclude that the facts in this case do not support the state's contention that the police officer, before stopping the defendant, had a well-founded suspicion that the defendant had committed or was committing a crime.
In the course of an unrelated encounter with the same rental vehicle on August 8th, the police officer learned that the car would be due back at Hertz later that evening. She testified that she stopped the defendant on August 14th to ascertain whether the rental vehicle he was driving might be overdue. She admitted, however, that she had received no notification from Hertz to suggest that the vehicle was overdue. She did not know if the vehicle had been re-rented and she made no effort to verify her hunch before stopping the car and searching it. Under those circumstances, it is our view that her hunch that the vehicle might be stolen does not rise to the level of a well-founded suspicion of criminal activity which would justify stopping appellant.
Our ruling that the police officer did not lawfully stop appellant compels the conclusion that the property seized was the result of an unlawful search and seizure. Delp v. State, 364 So.2d 542, 543 (Fla. 4th DCA 1978). Accordingly, the trial court erred in denying the appellant's motion to suppress the evidence seized following the stop.
REVERSE AND REMAND.
GLICKSTEIN, J., concurs.
WALDEN, J., dissents without opinion.