598 So.2d 267 (1992)
STATE of Florida, Petitioner,
v.
Juan RAMOS, Respondent.
No. 90-2844.
District Court of Appeal of Florida, Third District.
May 12, 1992.
*268 Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for petitioner.
Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson and Marti Rothenberg, Asst. Public Defenders, for respondent.
Before HUBBART, COPE and GERSTEN, JJ.
COPE, Judge.
The State petitions for a writ of certiorari to review an order of the appellate division of the circuit court, entered in its review capacity. The appellate division reversed an order of the county court denying a motion to suppress. We grant the petition.
While on routine patrol, a City of Miami police officer observed a young woman sitting on a bus bench and noticed that she stared at the police car as it passed. The officer had a hunch something was wrong. He turned his car around, went to the bus bench, and spoke with the young woman. She pointed out the defendant, who was seated inside a vehicle close to the bus bench. She told the officer the defendant was harassing her and he was "scaring the heck out of [her]." The officer noticed that the defendant's car was halfway on and halfway off the pavement, partially blocking a lane of traffic.
The officer asked the defendant if he had a driver's license. The defendant replied affirmatively, then produced a license. Upon performing a computer check, the officer found that the defendant's license was suspended. The officer charged the defendant with driving with a suspended license, but did not cite him for blocking a lane of traffic.
In the county court the defendant moved to suppress evidence,[1] contending that the officer's encounter with the defendant was an unconstitutional stop and seizure of the defendant because the officer did not have a founded suspicion of criminal activity. After an evidentiary hearing, the county court denied the motion.[2] Defendant pled nolo contendere, reserving the right to appeal the denial of the motion to suppress.
The appellate division reversed and issued an opinion. While we agree with a portion of the appellate division's analysis, we conclude that its ultimate holding departed from the essential requirements of law. See Combs v. State, 436 So.2d 93 (Fla. 1983).
The appellate division determined that the officer "had the right to act upon this complaint [by the young woman] and to walk up to the Defendant to question him about the situation. Terry v. Ohio, 392 U.S. 1, 19, n. 16 [, 88 S.Ct. 1868, 1878-79, n. 16, 20 L.Ed.2d 889, 904-04, n. 16] (1968)." With that conclusion we completely agree. As stated in the Stop and Frisk Law, an officer may make an investigatory stop where the circumstances reasonably indicate that a person has committed or is about to commit a violation of law.[3] Section *269 901.151, Fla. Stat. (1989). The young woman was in fear for her safety and the officer had abundant reason to make a Terry stop.
Where we part company with the appellate division is in the next step of the appellate division's analysis. The appellate division held that when the officer approached the defendant, the officer did not have the right to request the defendant's driver's license. The appellate division concluded that obtaining the defendant's license constituted an illegal seizure not based on a founded suspicion. The appellate division reversed the order denying the motion to suppress.
In light of the appellate division opinion the issue presented is whether, in the course of a valid Terry stop, a police officer may request a driver's license as a way to ascertain the identity of the person being questioned  whether or not the stop is related to a traffic infraction. The question must be answered in the affirmative.
Under the Florida Stop and Frisk Law, § 901.151, Fla. Stat. (1989), an officer may temporarily detain a person:
under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad... .
Id. (emphasis added). Thus, an officer is authorized to ask a person lawfully detained to identify himself. Id.
Chief Judge Schwartz, writing for this court, has said:
As the cases from Terry itself to the present reflect and emphasize, one of the basic reasons for, and necessarily one of the primary functions of the investigatory stop is to ascertain the identity of the suspect... . Accordingly, it is widely held that a request, even a persistent or intrusive one, that a detained suspect produce identification papers is an appropriate and authorized aspect of a Terry seizure.
... .
... The fact that [defendant] voluntarily told the officers his name when questioned is similarly immaterial. Specific documentation may be, as here, required to determine identity and "to verify that the person who stated his name was ... in fact, [the person] named... ."
Harper v. State, 532 So.2d 1091, 1094, 1096 (Fla. 3d DCA 1988) (citations omitted), review denied, 541 So.2d 1172 (Fla. 1989). "`Indeed, unless the officer is entitled to ... ascertain the identity of the suspect, the right to stop him can serve no useful purpose at all.'" Id. at 1095 (citation omitted).
Because the investigatory stop and request for identification were proper, the motion to suppress should have been denied.[4] We grant certiorari, quash the order of the appellate division, and remand with directions to affirm the county court's order *270 denying the motion to suppress.[5]
NOTES
[1] The evidence apparently was the driver's license and the defendant's statement that he had a license. The motion to suppress should identify with particularity the evidence sought to be suppressed. See Fla.R.Crim.P. 3.190(h), (i).

Whether or not the stop was lawful, the identity of the defendant obtained during the stop is not subject to suppression. Immigration and Naturalization Service v. Lopez-Mendoza, 468 U.S. 1032, 1039-40, 104 S.Ct. 3479, 3483-84, 82 L.Ed.2d 778, 786 (1984). Also not subject to suppression is the arrest of the defendant, even if the detention was unlawful. State v. E.T., 560 So.2d 1282, 1284-85 (Fla. 3d DCA 1990); see Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54, 68 (1975). Likewise not subject to suppression is the officer's pre-stop observation of the defendant behind the wheel. Finally, the public record showing that defendant's license was suspended on the date in question is not a product of the stop and is not subject to suppression. See State v. Leyva, 599 So.2d 691 (Fla. 3d DCA 1992).
[2] The county court based its ruling on the fact that, whether or not the officer had a founded suspicion after he spoke to the woman, the officer could have ticketed the defendant when the officer noticed the defendant blocking traffic.
[3] In this case there was a reasonable indication of an assault, § 784,011, Fla. Stat. (1989), or similar crime.
[4] The defendant focuses on the officer's testimony at the evidentiary hearing on the motion to suppress, during which he stated he had a hunch about the woman and decided to speak to her. As the defendant correctly points out, there is ample case law which states that a hunch does not rise to the level of a founded suspicion. See Aguila v. State, 567 So.2d 1007 (Fla. 3d DCA 1990); Williams v. State, 564 So.2d 593 (Fla. 2d DCA 1990); Turner v. State, 552 So.2d 1181 (Fla. 4th DCA 1989); Sharpless v. State, 549 So.2d 735 (Fla. 2d DCA 1989). However, in this case, when the officer spoke to the woman, he was not conducting a Terry stop and did not need a founded suspicion. After speaking to the woman and acquiring enough facts to create a well founded suspicion with regard to the defendant, the officer proceeded to conduct an investigatory stop directed at the defendant.
[5] In view of this conclusion, we need not reach the alternative argument that the stop was justified on the basis of the traffic infraction.