617 So.2d 412 (1993)
Edward ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02481.
District Court of Appeal of Florida, Second District.
April 21, 1993.
*413 James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Edward Robinson appeals his convictions for carrying a concealed weapon and driving while license suspended or revoked. He contends that his motion to suppress should have been granted because the stop of his vehicle for a traffic infraction was a pretext stop. We agree and reverse.
At the hearing on Robinson's motion to suppress, Officer Mann testified that he was parked in his police cruiser in the parking lot of a night club located in a high drug or crime area at 4:00 a.m. on a Saturday morning. He heard a lot of yelling and a vehicle slam on its brakes, spin its tires, slam on its brakes again, and then drive off. The vehicle was approximately one hundred and fifty yards away, and it was not in Officer Mann's line of view. Officer Mann drove out onto the road and saw Robinson's vehicle approximately thirty seconds after he heard the commotion. He stopped Robinson for careless driving. Officer Mann asked Robinson to get out of the car, patted him down for weapons, and discovered a .32 automatic in Robinson's belly bag. He then placed Robinson under arrest for carrying a concealed weapon and gave him a citation for careless driving. In addition, Robinson was charged with driving while license suspended or revoked.
Robinson argues that the trial court should have granted his motion to suppress because Officer Mann's stop of his vehicle for careless driving was a pretext for Officer Mann's suspicion that Robinson had been involved in a drug transaction. Robinson refers to Officer Mann's testimony that what he heard before pulling out and seeing Robinson's vehicle was consistent with what happens when a participant in a drug transaction has been cheated. Officer Mann also testified that he speculated that the vehicle he heard was involved in some type of drug rip-off because he had seen known drug dealers on the street about five minutes earlier. In addition, Robinson points out that Officer Mann did not testify that he usually stops drivers for spinning their tires and slamming on their brakes. Kehoe v. State, 521 So.2d 1094 (Fla. 1988).
In Kehoe, the supreme court held that police officers may not stop citizens upon a pretext. Rather, "the state must show that under the facts and circumstances a reasonable officer would have stopped the *414 vehicle absent an additional invalid purpose." 521 So.2d at 1097.
We do not believe that the state has shown that a reasonable officer would have stopped Robinson when he could not see the vehicle that he heard, and he did not see Robinson's vehicle until thirty seconds after he heard the spinning of tires and the slamming of brakes. The spinning of tires and slamming of brakes can be just as consistent with an attempt to avoid an accident as with careless driving. Thus, the evidence adduced in this case constituted an insufficient basis upon which to believe that it was Robinson who spun his wheels and slammed on his brakes and that those actions were in violation of the careless driving statute, § 316.1925, Fla. Stat. (1991).
The pretextual nature of the stop is supported by Officer Mann's testimony that he did not have reason to believe that Robinson was armed and that he patted Robinson down for weapons immediately after stopping him for no other reason than his speculation that what he had heard was a drug rip-off. Thus, even if the stop of Robinson had been valid, the search of him clearly was not. Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968).
Accordingly, since Robinson's motion to suppress should have been granted, we reverse his convictions for carrying a concealed weapon and driving while license suspended or revoked.
Reversed with directions consistent with this opinion.
DANAHY, A.C.J., and SCHOONOVER, J., concur.