629 So.2d 1020 (1993)
Jettie K. HARTSFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2519.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
Peter D. Lent, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, West Palm Beach, for appellee.
DELL, Chief Judge.
Jettie K. Hartsfield appeals from an order denying her motion to suppress physical evidence, statements and admissions obtained by Broward County Sheriff's deputies in connection with a DUI roadblock operation. Appellant contends the order must be reversed because the state failed to introduce into evidence a written set of uniform guidelines *1021 for operating the roadblock. We agree and reverse.
The trial court, in its denial of appellant's motion, described in detail the standard operating procedures governing implementation of the roadblock. The trial court based its findings upon testimony of the arresting officers at the evidentiary hearing on appellant's motion to suppress. The record supports the trial court's conclusion that the officers carried out the DUI roadblock operation in a manner consistent with the standards enunciated in State v. Jones, 483 So.2d 433 (Fla. 1986), which prescribe that "officers carry out a search pursuant to a plan embodying specific neutral criteria which limit the conduct of the individual officers." Id. at 438.
We must, however, reverse the trial court's order denying appellant's motion to suppress since the trial court concluded:
Although no written set of uniform guidelines was introduced into evidence, the deputies' testimonies about their standard operating procedure is the functional equivalent of the state's introducing written guidelines, but see, State v. Wagner, 821 S.W.2d 288 (Tex. App.  Dallas 1992). The plan, formulated and supervised by either the Sergeant or a Lieutenant, restricted the discretion of the field officers as to both operating procedures and the selection of vehicles.
(emphasis supplied). As noted by the trial court, the state did not introduce written guidelines into evidence. Moreover, the officers did not testify that the roadblock standard operating procedures were in written form. The absence of specific written guidelines renders the roadblock operation fatally defective under State v. Jones. In that case the Supreme Court of Florida stated in part:
Because DUI roadblocks involve seizures made without any articulable suspicion of illegal activity, most states examining this issue have ruled that such roadblocks stand or fall based on some set of neutral criteria governing the officers in the field. Courts requiring such a neutral plan do so out of a fear that unbridled discretion in the field invites abuse. We agree and find that it is essential that a written set of uniform guidelines be issued before a roadblock can be utilized.
Law enforcement officials must conduct sobriety checkpoints so as to minimize the discretion of field officers, thereby restricting the potential intrusion into the public's constitutional liberties. Written guidelines should cover in detail the procedures which field officers are to follow at the roadblock. Ideally, these guidelines should set out with reasonable specificity procedures regarding the selection of vehicles, detention techniques, duty assignments, and the disposition of vehicles. Of course, if the guidelines fail to cover each of these matters they need not necessarily fail. Rather, courts should view each set of guidelines as a whole when determining the plan's sufficiency.
Id. at 438 (citations omitted).
Accordingly, we reverse the order denying appellant's motion to suppress and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
STONE and FARMER, JJ., concur.