649 So.2d 311 (1995)
Allen O'NEAL, Louis Totaro, Theodore J. Hintzke III and Ruben Rodriguez, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 93-2679, 94-348, 94-350 and 94-351.
District Court of Appeal of Florida, Third District.
January 25, 1995.
Bennett H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, for appellants.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
*312 Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
SCHWARTZ, Chief Judge.
These are appeals from county court convictions for driving with a suspended license, in which it certified the following question to this court:
Is the actual identity of a defendant obtained pursuant to an illegal stop suppressible as a fruit of the poisonous tree where the police officer had no knowledge of the defendant's identity prior to the stop?
We assume jurisdiction, see Fla.R.App.P. 9.160, answer the question in the negative, and thus affirm the convictions under review.
It is clear to us that the "identity" of a defendant cannot be subject to "suppression," however the officer's occasion to observe him came about, and, specifically, even if it occurred after an unjustified stop. The United States Supreme Court so held in Immigration & Naturalization Service v. Lopez-Mendoza, 468 U.S. 1032, 1039-40, 104 S.Ct. 3479, 3483-84, 82 L.Ed.2d 778, 786 (1984) and this court reiterated the principle in State v. Ramos, 598 So.2d 267, 268 n. 1 (Fla. 3d DCA 1992) ("Whether or not the stop was lawful, the identity of the defendant obtained during the stop is not subject to suppression.") (citing Lopez-Mendoza, 468 U.S. at 1039-40, 104 S.Ct. at 3483-84, 82 L.Ed.2d at 786) and State v. Leyva, 599 So.2d 691, 694 n. 6 (Fla. 3d DCA 1992) ("[T]he identity of a defendant is not subject to suppression, even if the identity was learned as a result of an unlawful arrest.") (citing Lopez-Mendoza, 468 U.S. at 1039, 104 S.Ct. at 3483, 82 L.Ed.2d at 786). See also State v. E.T., 560 So.2d 1282, 1284-85 (Fla. 3d DCA 1990).[1] Contra Robinson v. State, 617 So.2d 412 (Fla. 2d DCA 1993).
Affirmed.
NOTES
[1] The defendants' attempt to analogize the situation to the cases which "suppress" a witness's incourt identification on the ground that it was induced by unlawfully suggestive police conduct, e.g., United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), is fallacious. In those situations, the incourt identification is not permitted because the unlawful actions of the police have resulted in a substantial likelihood that the identification is inaccurate or incorrect. United States v. Wade, 388 U.S. at 228, 87 S.Ct. at 1933, 18 L.Ed.2d at 1158 ("A major factor contributing to the high incidence of miscarriage of justice from mistaken identification has been the degree of suggestion inherent in the manner in which the prosecution presents the suspect to witnesses for pretrial identification."); Stovall v. Denno, 388 U.S. at 301-02, 87 S.Ct. at 1972-73, 18 L.Ed.2d at 1206 (criminal defendant has due process right not to be identified prior to trial in manner "unnecessarily suggestive and conducive to irreparable mistaken identification"). These cases do not apply here, however, because there is no question whatever that the respective defendant  and not some other person  was the one driving the vehicle without a license. In contrast, the cases which do apply are those which hold that the fact that an un lawful arrest of the defendant has resulted in his being placed in a fair and untainted lineup does not invalidate the subsequent identification. Lopez-Mendoza, 468 U.S. at 1039-40, 104 S.Ct. at 3483-84, 82 L.Ed.2d at 786; United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).