679 So.2d 3 (1996)
Anthony WARE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02165.
District Court of Appeal of Florida, Second District.
May 3, 1996.
Rehearing Denied July 31, 1996.
*4 James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
FRANK, Acting Chief Judge.
The instant proceeding is before us pursuant to rule 9.160 of the Florida Rules of Appellate Procedure. The county court deemed the following question of great public importance and we accepted it for determination:
WHERE THE IDENTITY OF A DRIVER IS AN ESSENTIAL ISSUE THAT MUST BE PROVEN, IS THAT IDENTITY SUBJECT TO SUPPRESSION IF IT IS DISCOVERED AS A RESULT OF AN UNLAWFUL SEARCH AND SEIZURE?
In a pretrial conference it was agreed that Anthony Lee Ware would enter a plea of nolo contendere reserving the right to appeal the county court's ruling denying his motion to suppress. The subsidiary facts giving rise to the plea are summarized below.
Ware was charged with driving while his license was suspended. He sought to suppress all evidence obtained after his detention by the Lakeland police. The detention occurred at the Washington Park public housing project where, in response to complaints about crime, the Lakeland Police Department had stationed officers and periodically set up roadblocks at one of the three entrances to the project. The people who were stopped were asked to provide identification, and in this way the suspension of Ware's license came to light. He was not otherwise observed doing anything unlawful prior to the stop.
The county court found that the roadblock, however well-intentioned, fell short of the safeguards established by the Florida Supreme Court in State v. Jones, 483 So.2d 433 (Fla.1986). See also Hartsfield v. State, 629 So.2d 1020 (Fla. 4th DCA 1993). Moreover, although the roadblocks were designed to enhance the safety and well-being of the public housing residents, the scope of those procedures exceeded anything permitted by Camara v. Municipal Court of San Francisco, 387 U.S. 541, 87 S.Ct. 1741, 18 L.Ed.2d 930 (1967). Nevertheless, the county court concluded that the motion to suppress must be denied on the authority of O'Neal v. State, 649 So.2d 311 (Fla. 3d DCA), rev. denied, 659 So.2d 272 (Fla.1995). In O'Neal the Third District held that "the `identity' of a defendant cannot be subject to `suppression,' however the officer's occasion to observe him came about, and, specifically, even if it occurred after an unjustified stop." Id. at 312.
The county court did not rely upon authority issued by this court in resolving the question of whether an individual's identity could properly be suppressed. Indeed, if such authority existed, we cannot question that the county court would have acknowledged and followed it or noted conflict with the Third District's most recent decision in O'Neal.[1] It is significant that the learned trial judge stated at a hearing "there are no Second District cases" passing upon whether identity can be suppressed, and thus he considered himself bound by O'Neal in reaching the conclusion not to suppress Ware's identity. See In re E.B.L., 544 So.2d 333, 336 (Fla. 2d DCA 1989) (absent conflicting appellate decision, circuit courts are obligated to apply controlling case law announced by another district court).
In Ware's view, the suppression of his identity upon disclosure that he was operating a vehicle without a proper license, a fact learned in the context of an unlawful stop, was required by this court's decision in Robinson v. State, 617 So.2d 412 (Fla. 2d DCA 1993). We are quick to note that the opinion in that case discloses that identity was not expressly suppressed due to the improper *5 detention and search. It is true that Robinson was driving during a time when his license was suspended, but the unlawful stop revealed an illegally concealed firearm in his possession. We are persuaded that Robinson, when assessed in its entirety, with particular attention being given to its penultimate paragraph, which provides as follows, is confined to suppression of the firearm: "Accordingly, since Robinson's motion to suppress should have been granted, we reverse his convictions for carrying a concealed weapon and driving while license suspended or revoked." Robinson, 617 So.2d at 414. We are persuaded that the paragraph's syntax induces an exaggerated belief that more than the gun was suppressed. It is only because of the construction of that paragraph that one could be led to believe the suppression order embodied identity. We are unwilling to read that conclusion into the holding in Robinson.
In any event, we agree with and adopt the Third District's reasoning and resolution in O'Neal. We have no independent state basis for not following the United States Supreme Court's view that "identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Immigration And Naturalization Service v. Lopez-Mendoza, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 3483-84, 82 L.Ed.2d 778, 786 (1984).
We affirm the county court's denial of the motion to suppress and answer the certified question in the negative.
FULMER and QUINCE, JJ., concur.
NOTES
[1] The opinion in O'Neal terminates with a reference to Robinson v. State, 617 So.2d 412 (Fla. 2d DCA 1993), noting that it is contra to the result in O'Neal.