CAMPBELL, Acting Chief Judge.
Appellant was charged by information with driving with a suspended or revoked license and driving under the influence. Appellant moved to suppress all evidence seized following the stop, and after a hearing, the trial court granted the motion. The State then moved for clarification of the trial court’s order, whereupon the court entered an amended order finding that appellant’s identity could not be suppressed citing this court’s decision in Ware v. State, 679 So.2d 3 (Fla. 2d DCA 1996), noting conflict with the Fourth District in Perkins v. State, 734 So.2d 480 (Fla. 4th DCA 1999) (holding that identity is no different than other evidence that must be suppressed following an unlawful stop). The court otherwise granted suppression of all other evidence that arose after the stop.
In light of the supreme court’s recent decision in State v. Perkins, 760 So.2d 85 (Fla.2000), which approved the Fourth District’s holding in Perkins, and disapproved this court’s decision in Ware and the decision in O’Neal v. State, 649 So.2d 311 (Fla. 3d DCA 1995), we reverse the trial court’s amended order to the extent it denied suppression of appellant’s identity.
Reversed.
GREEN and STRINGER, JJ., Concur.