777 So.2d 1020 (2000)
Robert DELAFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-298.
District Court of Appeal of Florida, Second District.
December 27, 2000.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Robert Delafield, who pleaded guilty to the felony offense of driving with a suspended license, reserved for appeal the *1021 denial of his dispositive motion to suppress. He contends that the trial court failed to suppress his identity following an unlawful stop because the court was then bound to follow Second District case law that has subsequently been overruled. We agree with Mr. Delafield's argument that his conviction should now be reversed.
Mr. Delafield was stopped after a City of Tampa police officer observed his car traveling down Nebraska Avenue and stopping to pick up a woman the officer suspected was a prostitute. Thinking that the driver was attempting to solicit either drugs or prostitution, the officer stopped the car and asked the defendant for his driver's license, registration, and proof of insurance. Mr. Delafield admitted that his license was suspended and told the officer his name and date of birth. The officer then placed the defendant in his patrol car while verifying that his license had been suspended for failure to pay a traffic fine. The officer then arrested the defendant and, in the search of the car pursuant to arrest, discovered a marijuana cigarette.
At the hearing on Mr. Delafield's motion to suppress, the trial court agreed with the defense argument that the officer lacked probable cause for a stop; thus, the court suppressed the evidence of the marijuana cigarette found pursuant to the stop. The court refused to suppress the evidence of the defendant's identity, however, which was essential to a conviction for driving with a suspended license, based upon our decision in Ware v. State, 679 So.2d 3 (Fla. 2d DCA 1996). Since the trial court's decision, the Florida Supreme Court, in State v. Perkins, 760 So.2d 85 (Fla.2000), overruled Ware and held that the identity of a defendant can be suppressed as the fruit of an unlawful stop in a prosecution for driving with a suspended license. Our court has since followed Perkins in Turben v. State, 761 So.2d 1243 (Fla. 2d DCA 2000), which reversed an order denying suppression of the defendant's identity but granting suppression of all other evidence garnered from that same illegal stop.
The gravamen of the holding in Perkins is that identity is no different from other evidence that must be suppressed following an unconstitutional stop. In a prosecution for driving with a suspended license, the essential evidence consists of the officer's discovery of the identity of the defendant as the driver at the time of the arrest. When the stop is tainted, so is the identification evidence. Thus, the order denying the motion to suppress in this case must be reversed.
Reversed and remanded with instructions for the trial court to discharge the defendant.
FULMER, A.C.J., and STRINGER, J., concur.