SILBERMAN, Judge.
Mark Tavaris Garrett appeals the order revoking Ms community control and the resulting sentence of four years in prison for burglary of a dwelling. Garrett contends that all the evidence resulting from his illegal seizure should have been suppressed, including the officer’s identification of him. We agree and reverse the denial of Garrett’s motion to suppress the identification, the order revoking his community control, and the resulting sentence.
The trial court revoked Garrett’s community control because he was away from his approved residence without the consent of his supervising officer, a violation of condition twelve of his community control. Garrett sought to suppress any evidence obtained by law enforcement, including Deputy Cuttler’s identification of Garrett, subsequent to Deputy Guttler’s illegal detention of Garrett. The trial court held the suppression hearing and the revocation hearing simultaneously.
On September 12, 2005, Deputy Cuttler received a call that five black males in black T-shirts were selling drugs at “Teresa’s Grocery Store in the area of 15th and 122nd.” The call provided no other details. Deputy Cuttler responded to the location, did not observe any criminal activity, but saw two black males standing in the parking area between the convenience store and the adjacent apartment complex. The deputy knew one of the men as a drug dealer, but he was not familiar with the other person. Deputy Cuttler asked the other person, whom the deputy later learned was Garrett, for identification. Garrett said he did not have his identification card, that he had left it inside the convenience store. Garrett said he would go back into the store to get the card and started to leave, but the deputy told Garrett “no, you sit tight.” The deputy stated that Garrett “kept trying to walk away from me.”
*1213 Deputy Cuttler said that Garrett changed his story; first he told the deputy that he was going to the store, and then he told the deputy that he lived in the adjacent apartment building and that he was going to check his mail at the nearby mailboxes. On cross-examination, the deputy admitted that Garrett was not free to leave and that he grabbed Garrett’s arm when he tried to leave. Deputy Cuttler subsequently arrested Garrett and found no weapons or contraband on his person. The booking photograph taken that night and introduced into evidence reflected that Garrett was wearing a gray T-shirt. In court, Deputy Cuttler identified Garrett as the other person he saw in the parking lot that night.
The trial court found that “the deputy was in a place he had a right to be and observed a person there. He identified that person today in the courtroom.- I’ll suppress everything after the in-court identification. But he saw him out there[;] he [Garrett] wasn’t supposed to- be there.” Thus, the trial court implicitly found that the deputy’s seizure of Garrett was illegal but allowed the “in-court identification” in which the deputy identified Garrett as the person he saw in the parking lot that night. Based on that evidence, the trial court found that Garrett violated condition twelve of his community control by being out of his residence and revoked his community control.
We initially note that the exclusionary rule is applicable in a hearing to revoke community supervision. See State v. Scarlet, 800 So.2d 220, 221-22 (Fla.2001) (determining that the exclusionary rule is applicable in probation revocation hearings); Lanier v. State, 936 So.2d 1158, 1162 (Fla. 2d DCA 2006) (stating that “evidence discovered during an unlawful detention and search is not admissible during a hearing to revoke probation”).
We agree with the trial court’s implicit decision that the detention was illegal. The deputy observed no criminal activity upon arriving at the scene. He received a general description of five black males in black T-shirts selling drugs at the convenience store, but he encountered two black males, one of whom was wearing a gray T-shirt, in an adjacent parking area. The deputy recognized one of the men as a drug dealer, but the deputy did not know the other man,- later identified as Garrett. The deputy admitted that upon his approach, Garrett was not free to leave. The facts do not support a conclusion that the deputy had a reasonable suspicion that Garrett or his companion had committed, were committing, or were about to commit a criminal offense so as to justify an investigatory stop. See Jacoby v. State, 851 So.2d 913, 915 (Fla. 2d DCA 2003).
At issue then, is whether the deputy’s identification of Garrett as the person he saw in the parking lot that night, which constituted evidence that he violated condition twelve of his community control, is subject to suppression. The trial court reasoned that the deputy had a right to be where he was when he saw Garrett and allowed the identification. We would agree if the deputy had known Garrett prior to that evening and, upon arriving at the scene, immediately recognized him. However, the deputy did not know Garrett and only learned his identity as a result of the illegal seizure of Garrett. Further, the community control supervisor learned of Garrett being away from his home only when the sheriffs office contacted him after the encounter between Garrett and the deputy.
In an analogous situation involving suppression of identification evidence in a driving with a suspended license case, this court explained as follows:
The gravamen of the holding in [State v.] Perkins[, 760 So.2d 85 (Fla.2000),] is *1214 that identity is no different from other evidence that must be suppressed following an unconstitutional stop. In a prosecution for driving with a suspended license, the essential evidence consists of the officer’s discovery of the identity of the defendant as the driver at the time of the arrest. When the stop is tainted, so is the identification evidence.
Delafield v. State, 777 So.2d 1020, 1021 (Fla. 2d DCA 2000). Here, the seizure of Garrett is tainted, and so is the identification evidence. It was only because the deputy made the illegal seizure that he learned Garrett’s identity. And it was only because of the illegal seizure that the community control supervisor learned that Garrett may have violated the terms of his community control by being outside his residence at the time of the seizure.
We reject the State’s argument that the inevitable discovery exception applies here. There was no evidence that law enforcement was conducting a separate investigation that would have led them to discover Garrett’s identity or to discover that he was not complying with the terms of his community control. See Moody v. State, 842 So.2d 754, 759 (Fla.2003) (noting that for the doctrine of inevitable discovery to apply there must have been an investigation underway at the time of the tainted stop and that “the State cannot argue that some possible further investigation would have revealed the evidence”).
Therefore, we reverse the denial of the suppression of the deputy’s identification of Garrett, the order revoking his community control, and the resulting sentence.
Reversed.
NORTHCUTT and LaROSE, JJ., Concur.